## BRANTLEY COMPANY *v.* JOHNSON.

ATKINSON, J. 1. Where the owner of a tract of land granted to one person the privilege of working the timber growing thereon for a term of years for turpentine purposes, and to another conveyed absolutely the timber growing thereon which was "suitable for sawmill purposes," and to yet another all interest in the land then remaining in him, the several conveyances standing, in point of seniority, in the order above named, and where afterwards the grantee last mentioned sold the land to yet another,

excepting from the operation of his conveyance, as thereafter reformed, the timber which was "suitable for sawmill purposes," without referring therein in any manner to the turpentine privilege, with full covenants of warranty, such covenants of warranty would extend to and cover any timber on such land, including the turpentine privilege therein, except such as was expressly excepted from the operation of the deed; and therefore, in a suit filed by the vendor against the purchaser under the conveyance last above mentioned, to recover a balance of the purchase-price remaining unpaid, the latter was entitled to plead and prove, by way of recoupment, a breach of the covenants of warranty of title on the part of the former; and where upon the trial it appeared that there had been a breach of such covenants of warranty, in that there was an outstanding title to the turpentine privilege upon such property, superior to the title of the warrantee, and which involved to him a loss of the turpentine privilege upon that portion of the timber growing upon the land which would not fall within the general descriptive terms, "suitable for sawmill purposes," the measure of damages for the breach of the warranty would be the value of the turpentine privilege thus lost.

2. Under the allegations contained in the plaintiff's petition, the deed under which the defendant claimed could have been reformed; and the jury having found that the deed be reformed as prayed, so as to except from its operation the timber growing upon the land "suitable for sawmill purposes," and there being no exception by the warrantee to this finding of the jury, and the only error which was committed on the trial being such as related to the amount allowed the defendant upon his plea of recoupment, direction is given that a new trial be awarded, and that on the next trial the jury be required to find only the value for turpentine purposes of that portion of the timber on the lot of land in question which is not embraced within the meaning of the term expressed in the deed, as reformed, "timber suitable for sawmill purposes," and that a judgment be rendered in accordance with the finding upon this issue of fact.

*Judgment reversed, with direction.　All the Justices concurring.*

Argued October 27, — Decided November 26, 1897.

Complaint. Before Judge Sweat. Ware superior court. April term, 1897.

*Estes & Walker* and *Leon A. Wilson*, for plaintiff.
*Toomer & Reynolds*, for defendant.