ROUNTREE, survivor, *v.* FINCH *et al.*

1. That a special demurrer to a petition has been "dismissed," because not filed at the appearance term, is no reason why a motion in the nature of a general demurrer, to dismiss the petition, may not be made at the trial.
2. Where land is conveyed by deed to secure a loan, bond for title being given for a reconveyance to the debtor upon payment of the debt, and the latter transfers the bond to another, who pays the debt and takes a reconveyance from the creditor, the right of a mortgagee to enforce his mortgage, given upon the land by the debtor after the execution of the security deed, depends, in the absence of an attack upon the bona fides of the transfer of the bond for title, upon whether the mortgage antedates the transfer; and where in such a case the mortgagee brings an equitable petition against the debtor and the transferee, who is holder of the title, to enforce the collection of the mortgage debt, a failure to allege that the mortgage antedated such transfer renders the petition subject to general demurrer.

Submitted June 23, — Decided July 14, 1904.

Equitable petition.    Before Judge Mitchell.    Brooks superior court.    November 5, 1903.

S. S. Rountree, as surviving partner of Rountree & Company, brought an equitable action, in the superior court of Brooks county, against Mrs. M. L. Finch, of that county, and Mrs. Jimmie L. Boone, of Fulton county. The petition alleged, that on March 1, 1887, Mrs. Finch executed to the Georgia Loan and Trust Company a deed to a certain house and lot in the town of Quitman, to secure a loan of three hundred dollars, payable five years from date, with interest at eight per cent., payable semi-annually on the first days of March and September of each year; that on July 31, 1888, Mrs. Finch gave a mortgage on the same property to J. P. Brooks, to secure a note for four hundred and thirty dollars, which note and mortgage were transferred to Rountree & Company; that the mortgage was recorded August 1, 1888; that on January 2, 1892, the Georgia Loan and Trust Company conveyed the property, by quitclaim deed, to Mrs. Jimmie L. Wood, who subsequently became by marriage Mrs. Jimmie L. Boone, the deed reciting that Mrs. Finch had sold the house and lot to Mrs. Wood by transferring to her the bond for title, and that Mrs. Wood had fully paid the debt; that this deed was recorded in 1892; that petitioner did not know how much of the three hundred dollars due the company Mrs. Boone paid, but recognized that she had a prior claim on the property for whatever

amount she did pay; that even if she paid the full amount of three hundred dollars, the rents, issues, and profits from the property amounted to more than the interest on the debt; that the mortgage was foreclosed in 1898, in the name of Brooks, for the use of Rountree & Company, and the fi. fa. levied upon the property, which was claimed by Mrs. Boone, the claim affidavit being made by J. B. Finch as her agent; that on October 15, 1900, petitioner, mailed a registered letter to Mrs. Boone, which her receipt showed she received the next day, which letter contained the following language: "The lien of the mortgage [given by Mrs. Finch to Brooks and transferred to Rountree & Co.] attached before you secured any interest in the property. We recognize your right to be paid $300.00 with interest thereon, after deducting the rents, issues, and profits of the property received by the Georgia Loan & Trust Company and by you, and we desire to pay you this amount, and will thank you to give us a statement showing it, so that we can pay you and have the land sold and the proceeds of the sale applied, first to the reimbursement of us of this amount and enough of the balance to satisfy the execution issued by the superior court of Brooks county in favor of J. P. Brooks for the use of Rountree & Co. vs. Mrs. M. L. Finch;" that petitioner, in January, delivered a copy of this letter to J. B. Finch, who as agent for Mrs. Boone made the claim affidavit; that neither of them replied to the letter; and that petitioner "has no way of ascertaining the exact amount for which she has priority." By amendment it was alleged: "That M. L. Finch is the mother of Mrs. J. L. Boone, and that they entered into a fraudulent agreement to have the Georgia Loan & Trust Co. make a deed to the property described in said petition to Mrs. Boone, instead of to Mrs. Finch, by reason of the fact that the consideration expressed is so grossly inadequate as to make it a fraud upon complaint, said property at the time of said transaction and at this time being worth not less than $1,000. Plaintiff further alleges that said Mrs. Finch still resides upon said property, and has resided upon said property ever since said transaction was made, same as she did before, and that said transaction was made for the purpose of hindering, delaying, and defrauding the plaintiff in the collection of his just debt."

The prayers of the petition were: (1) that an accounting be

had  to determine what  amount was paid by Mrs.  Boone  to the Georgia Loan & Trust Company, and to ascertain the value of the house and lot and of the rents, issues, and profits thereof; (2) that petitioner " be allowed  to pay to . . Mrs.  Boone the amount paid by her to the Georgia  Loan & Trust  Company, and the interest thereon, after deducting the  value of the rent, issues, and profits accrued; that when said amount shall have been paid into the registry of the court, that said property may be sold and the proceeds thereof may  be appropriated, first, to the expense of the sale, second; the reimbursement of your petitioner of the amount so paid into the registry of the court as aforesaid, and the balance, or so much thereof as may be necessary, to the payment of the costs of this suit and the amount due on said execution;" (3) that such sale of the property shall divest all interest of Mrs. Finch and Mrs. Boone therein, and that they and all claiming under them be " ejected therefrom," and the purchaser at the sale put in possession.     There was also a prayer for general relief. After several terms had elapsed, Mrs. Boone filed a demurrer to the petition, upon the grounds:    (1) that as she was the only party against whom any substantial relief was prayed, and as the petition showed she lived in Fulton county, the court was without jurisdiction; (2) that no facts were set out showing that the defendant had been guilty of fraud or had hindered and delayed petitioner in the collection of his debt; (3) that the petitioner was " not entitled to any accounting for rents from this defendant." When the case came on for trial, the court, on motion of the petitioner's counsel, " dismissed the demurrer," but upon what ground the record does not disclose.     The court then, on motion of counsel for the defendants, dismissed the petition, because it failed to set forth a cause of action.     The plaintiff excepted.

*M. Baum* and *Felder & Rountree*, for plaintiff.
*W. C. McCall* and *J. G. McCall*, for defendants.

FISH, P. J.    1. It has been frequently held by this court that a motion to dismiss, in the nature of a general demurrer, may be made at the trial.     The ground of the motion to dismiss in this case was, that no cause of action was set forth.     This was not a ground of the demurrer which was "dismissed," presumably because not filed at the first term, and its "dismissal" did not pre-

clude the defendants from making the motion, in the nature of a general demurrer, to dismiss the petition.

2. The court did not err in dismissing the petition, as under its allegations the petitioner was not entitled to the relief sought. It appeared from the deed of the Georgia Loan and Trust Company to Mrs. Boone, which was set out in the body of the petition and made a part thereof, that Mrs. Finch had transferred the bond for title which she held from the loan company to Mrs. Boone, and that the latter had "fully paid the said loan;" therefore, the title to the property was put in Mrs. Boone by the deed from the loan company. If the bond was transferred to her prior to the execution of the mortgage, then, of course, she took the title unincumbered by the mortgage. It was, therefore, essential to petitioner's case that the petition should show that the execution of the mortgage antedated the transfer of the bond for title. This nowhere appeared in the petition. There was no allegation that Mrs. Boone did not pay Mrs. Finch the full value of the latter's interest in the property as consideration for the transfer of the bond for title; and the presumption was that Mrs. Boone paid the loan company the full amount of the loan, with interest. The deed from the company to her recited, that the loan was for three hundred dollars, and that she had "fully paid the said loan;" and then, too, it was paid just two months before its maturity, and there was no suggestion that she paid any less than the three hundred dollars and the interest which would be due at the maturity of the loan. The amendment alleged that there was a fraudulent agreement between Mrs. Finch and her daughter, Mrs. Boone, to have the loan company make Mrs. Boone the deed, "by reason of the fact that the consideration expressed is so grossly inadequate as to make it a fraud upon complainant, said property at the time of said transaction and at this time being worth not less than $1,000." The only "consideration expressed," or referred to, in the deed was the amount of three hundred dollars, for which the company held the title as security, and it could claim no more than that amount and whatever interest there was due on it, or would be at the maturity of the loan, and when Mrs. Boone paid that much, if she was then the owner of the bond for title, she was entitled to a deed from the company to the property, without regard to its value; and if she was the

bone fide transferee of the bond for title prior to the execution of the mortgage, then the petitioner, as transferee of the mortgage, had no right to complain.

*Judgment affirmed. All the Justices concur.*