## THOMPSON et al. v. CITIZENS BANK OF DUBLIN.

1. A petition by the grantee in a third security deed, holding a transfer of a bond for reconveyance given by the grantee in the first security deed, brought in the county where the debtor-grantor resided, against him and the grantee in the second security deed, who resided in another county, to foreclose the third deed as an equitable mortgage and to have it declared a superior lien, was not demurrable as not praying for substantial relief against the grantor, or for misjoinder of parties.

2. It was erroneous to overrule a demurrer by the grantee in the second

deed, as to so much of the petition as alleged a superiority of the third deed over the second; and to grant an injunction against his exercising a power of sale conferred by the second deed, subject to the rights of the holder of the first security deed.

No. 4401. FEBRUARY 28, 1925.

Equitable petition. Before Judge Kent. Laurens superior court. April 28, 1924.

On November 1, 1911, T. H. Smith made a deed to secure debt to the John Hancock Mutual Life Insurance Company, and at the same time and in connection therewith the insurance company made to Smith a bond to reconvey. A copy of this deed and a copy of the bond are attached to and made a part of the pleadings. The terms of the bond were that upon the payment by the grantor of the debt secured the grantee would reconvey, either by cancellation or otherwise, at its option, the property conveyed to secure the debt. The deed in favor of the insurance company is a prior deed to any and all other subsequent deeds or liens against this particular property. On May 21, 1917, Smith made a deed to secure debt to John M. Thompson, on the same land described in the insurance company's deed. This deed was recorded on May 25, 1917. It recited that it was made to secure an indebtedness of $7,468, and that it was made subject to a deed in favor of the John Hancock Mutual Life Insurance Company. It contained a power authorizing the grantee to sell the land after advertising the same, and make title thereto, to satisfy the debt secured.

On May 22, 1917, Smith made to the Citizens Bank of Dublin a deed to the same land, to secure an indebtedness of $12,249.15. This deed was recorded on May 26, 1917. It recited, among other things, that it was given subject to two prior liens on the property, one being a loan deed in favor of the John Hancock Mutual Life Insurance Company, and one being a loan deed in favor of John M. Thompson. At the time this deed was made, Smith transferred to the bank the bond to reconvey from the insurance company, for the purpose of securing the payment of the debt referred to in the deed from Smith to the bank. This bond and transfer were recorded on May 24, 1917.

Thompson, for the purpose of enforcing the collection of his debt, advertised the property described in the deeds for sale under the power contained in the deed to him, subject only to the debt of the insurance company, recognizing only the validity of the

first-named deed as a prior encumbrance upon the land sought to be sold, but not the deed to the bank. Smith resided in Laurens County, and Thompson in Chatham County, Georgia. The Citizens Bank of Dublin filed its complaint in the superior court of Laurens County against Smith and Thompson, alleging, that Smith had defaulted in payment of his debt to the bank; that it had a prior security to that of Thompson, for the reason that the only interest Smith had in the land was his bond to reconvey by the John Hancock Mutual Life Insurance Company, which represented and typified his interest in the land, and the only way he could convey his interest would be by a transfer of his bond to reconvey; that as against the interest of the bank the deed to secure debt in favor of Thompson was void and was subject to the claim of the bank, by virtue of the transfer of the bond to reconvey; that Smith was insolvent and had no other property out of which the bank could make its money; that if the property was sold under the Thompson advertisement, it would not produce an amount, in excess of the claim of the insurance company, sufficient to pay off and discharge its debt against him; that if the property were sold, Thompson would probably bid it in, and in consequence would undertake to secure possession of the land, thus complicating the issues and multiplying lawsuits; that petitioner had a common right against both Smith and Thompson, and the respective rights of each could be established in the proceedings filed, by the court adjudicating the different instruments as to their respective superiority and fixing the rights of each; that at common law there is no way that the lands could be seized or levied upon by a final process of the court until the insurance company should be paid; that the bank could not feel free to pay the insurance company's debt, for the reason that Thompson was advertising it for sale, and claiming that he had a right, as the immediate succeeding claimant after the insurance company, to pay up the former's debt and exclude entirely the bank; that petitioner had a right in equity to foreclose its deed as an equitable mortgage against the equity of redemption of Smith in the land; and that while it could not be levied upon by a fi. fa., yet a court of equity could seize it by a receiver and thus administer upon the interest of Smith in the property for the benefit of this creditor. Petitioner prayed that the deed to secure debt and the bond to reconvey be set up and

established, subject only to the prior deed to secure debt in favor of the insurance company; that the security deed and the bond to reconvey, with the transfer, be foreclosed as an equitable mortgage, and the equity of redemption be forever barred and foreclosed; that it have general judgment against Smith; that upon the final verdict and decree it be declared that the premises be sold in payment of its debt; that a commissioner be appointed by the court to sell the property and make deeds to the purchasers at public sale; that pending this litigation, and until all of the issues were settled, Thompson be enjoined from selling the property under the power in his deed; and that the bank's deed and transferred bond to reconvey be declared to be superior to the deed to Thompson, the bond to reconvey not having been transferred or assigned to Thompson.

Thompson demurred to the petition, raising, among others, the question as to whether there was a misjoinder of parties in joining Smith and Thompson as parties defendant, and whether or not substantial relief was prayed against Smith, who was a resident of Laurens County, so as to give the superior court of that county jurisdiction of the case; and further demurred on the ground that there was no equity in the bill, for the reason that it appeared that Thompson's deed given to secure a debt was prior to the deed in favor of the Citizens Bank of Dublin. The court overruled the demurrer, and Thompson excepted.

*L. L. Porter, R. G. Hicks,* and *R. D. Flynt,* for plaintiffs in error. *J. S. Adams,* contra.

PER CURIAM. 1. The holder of a deed to secure a debt, which was junior in date to another deed to secure a debt, executed by the same grantor to a third party, brought a petition to foreclose, as an equitable mortgage, the security deed held by him, praying that the equity of redemption be forever barred and foreclosed, and that the deed of petitioner be declared a lien upon the property, superior to that of the other deed referred to, which is prior in date. Substantial relief was prayed against the grantor in the deed, the owner of the land, and against the holder of the older security deed; and the demurrer upon the ground that substantial relief was sought only against the latter was properly overruled. The parties defendant were properly joined in this action.

2. The owner of land, Smith, executed three security deeds conveying the same land, which in the order of their dates were as

follows: The first was to the John Hancock Mutual Life Insurance Company, in connection with which a bond for reconveyance to Smith on payment of the debt was contemporaneously executed by the company. The second was a security deed to Thompson, which referred to the first deed and was expressly made subject thereto. The third was to the Citizens Bank of Dublin, which referred to the first two deeds and was expressly made subject to both of them. Contemporaneously with execution of the third deed Smith transferred to the grantee therein, as additional security, the bond for reconveyance which he had received from the John Hancock Mutual Life Insurance Company. The controlling question in this case is whether the Citizens Bank of Dublin or Thompson shall prevail in a contest between their respective securities. The security deed of Thompson, being senior, would ordinarily prevail over the junior security deed of the Citizens Bank of Dublin, which was taken with actual notice of such older deed and was expressly made subject thereto. The question then arises, whether the transfer of the John Hancock Mutual Life Insurance Company's bond for reconveyance by Smith to the Citizens Bank of Dublin, contemporaneously with the execution of his deed to that company, would render the bank's security superior to the deed of Thompson. In *Rountree* v. *Finch,* 120 *Ga.* 743 (2) (48 S. E. 132), decided by the entire bench of six Justices, it was held: "Where land is conveyed by deed to secure a loan, bond for title being given for a reconveyance to the debtor upon payment of the debt, and the latter transfers the bond to another, who pays the debt and takes a reconveyance from the creditor, the right of a mortgagee to enforce his mortgage, given upon the land by the debtor after the execution of the security deed, depends, in the absence of an attack upon the bona fides of the transfer of the bond for title, upon whether the mortgage antedates the transfer; and where in such a case the mortgagee brings an equitable petition against the debtor and the transferee, who is holder of the title, to enforce the collection of the mortgage debt, a failure to allege that the mortgage antedated such transfer renders the petition subject to general demurrer." Applying the principle ruled in this decision it must be held that the security of Thompson, under the facts of this case, is superior to the security of the Citizens Bank of Dublin. On the general subject as to the amount of interest which the

maker of a security deed retains in the property, and his right to give a second security deed, see *Citizens Bank of Moultrie* v. *Taylor,* 155 *Ga.* 416 (117 S. E. 247). If there is anything to the contrary of what is here held in *Wood* v. *Dozier,* 142 *Ga.* 538 (83 S. E. 133), which was also decided by the entire bench of six Justices, the ruling in that case must yield to the decision in the former case of *Rountree* v. *Finch,* supra.

It was erroneous to overrule the demurrer of Thompson to so much of the petition filed by the Citizens Bank of Dublin as sought relief on the basis of a superiority of the security of the Citizens Bank of Dublin over the security deed held by Thompson. It was also erroneous to grant an injunction restraining Thompson from exercising his right to advertise and sell the property in question, subject to the deed to John Hancock Mutual Life Insurance Company.

*Judgment reversed. All the Justices concur, except Russell, C. J., dissenting, and Gilbert, J., absent for providential cause.*

RUSSELL, C. J., dissenting. In my opinion this case can not be distinguished in principle or by its facts from that of *Wood* v. *Dozier,* 142 *Ga.* 538 (supra). For that reason I think the trial judge properly overruled the demurrers, and that his judgment should be affirmed.