24080. ROYAL INSURANCE COMPANY LIMITED *v.* OLIVER.

JENKINS, P. J. 1. The refusal of the trial court to determine an oral motion to dismiss a petition, being "in its effect, so far as the defendant is concerned, the same as if the . . motion to dismiss had been overruled" (*Waldrop* v. *Wolff*, 114 *Ga.* 610 (3), 613, 40 'S. E. 830), may be made the basis of a direct bill of exceptions under the Civil Code (1910), § 6138.

2. Such an oral motion to dismiss may be made at the trial term at any time before verdict, but is ineffectual unless the pleading is fatally defective. *Minnesota Lumber Co.* v. *Hobbs*, 122 *Ga.* 20 (49 S. E. 783); *Cooney* v. *Sweat*, 133 *Ga.* 511 (66 S. E. 257, 25 L. R. A. (N. S.) 758); *Dodson* v. *So. Ry. Co.*, 137 *Ga.* 583, 585 (73 S. E. 834); *Rountree* v. *Finch*, 120 *Ga.* 743 (48 S. E. 132); *Elbert County* v. *Brown*, 16 *Ga. App.* 834 (86 'S. E. 651).

3. Irrespective of whether or not a direct bill of exceptions to the refusal of a motion to dismiss the petition must contain an assignment of error on the final judgment rendered in favor of the plaintiff, and whether or not such assignments of error in the instant case were sufficient, the motion to dismiss being without merit, the trial court did not err in refusing to determine the same. The original petition, suing an insurance company on a contract of fire insurance, alleged that the plaintiff gave due notice and furnished proof of loss to the defendant and otherwise performed all conditions imposed upon him by the policy. An amendment struck all these averments, and substituted in their place an allegation that the plaintiff on specified dates notified the defendant of his loss and furnished the defendant with a complete list of all the destroyed property. The contention of the defendant, under its motion, is that, while the original petition was good and the amended petition is otherwise good, the amendment rendered it bad by failing to state that the plaintiff furnished a proof of loss or complied with the conditions or stipulations of the policy, or to show satisfactory reasons for his noncompliance. Since neither the petition nor the amendment had attached to it the policy or a copy thereof (the original policy being destroyed by the fire), or showed the existence of a requirement for the doing of any act by the insured additional to those alleged in the amendment, the motion was in the nature of a speaking demurrer, in assuming the existence of provisions in the policy not apparent in the plead-

ings. The petition was good as against the general motion to dismiss, no question being presented as to the effect of particular provisions in the policy. *Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 7, 1935.

*Paul J. Varner,* for plaintiff in error. *Tyson & Tyson,* contra.