HOLCOMBE *et al.* v. JONES.

826

No. 14917.   July 6, 1944.

*T. B. Higdon* and *A. J. Henderson,* for plaintiffs in error.

*S. J. Welsch* and *Howell Brooke,* contra.

GRICE, Justice. ■ The first assignment of error deals with the order sustaining certain grounds of a written motion to strike such parts of the defendants' answer as attacked the validity of the verdict and judgment in the previous Forsyth County case; the answer averring that said verdict and judgment were not in conformity with the pleadings, but instead, that they undertook to adjudicate more rights and property in favor of the plaintiff than she was entitled to under her own pleadings. The record of the former suit was not set out in the present petition nor in the answer, to a portion of which the motion to strike was directed. The motion to strike contained, among other things, the following: "Plaintiff moves to strike and purge all the allegations, beginning with the words 'It is denied' and ending with the words 'in said case,' in paragraph 3 of defendant's answer upon the ground and reason : that the defendant herein and the defendant in the case of Mrs. Alice Tallant v. Thomas M. Holcombe et al., No. 2040, Forsyth superior court, entered into an agreement in said case, and the said agreement was the basis of the said verdict and judgment in the Forsyth case and was in conformity therewith, and said verdict and judgment as to where the land lines were and what property was involved, definitely defined the same in the language of said agreement; and the defendants in the instant case are bound by the terms, descriptions, acreage, and boundary lines as set forth in said verdict and judgment, [and] are estopped by said judgment." In passing upon this motion, the judge entered an order which recited that, after considering the same, and in connection with the agreement by the parties in the case in Forsyth superior court, referred to in the motion and introduced upon the hearing, he sustained the motion on all grounds relating to that part of the answer wherein the defendants attack the validity of the said verdict and judgment.

A motion to strike is nothing more than a demurrer. Compare *Elbert County* v. *Brown,* 16 *Ga. App.* 835 (86 S. E. 651) ; *Royal Insurance Co.* v. *Oliver,* 50 *Ga. App.* 327 (177 S. E. 922) ; *Meads* v. *Williams,* 55 *Ga. App.* 224 (189 S. E. 718) ; *Roadway Express Inc.* v. *McBroom,* 61 *Ga. App.* 223 (6 S. E. 2d, 460) ; *Reid* v. *Sinclair Refining Co.,* 62 *Ga. App.* 198 (8 S. E. 2d, 527) ; *Braddy* v. *W. T. Rawleigh Co.,* 64 *Ga. App.* 682 (14 S. E. 2d, 130). It is

the office of a demurrer to deal with the sufficiency of the allegations actually made. *Constitution Publishing Co.* v. *Stegall,* 97 *Ga.* 405 (24 S. E. 33); *Clarke* v. *East Atlanta Land Co.,* 113 *Ga.* 21 (38 S. E. 323). If facts exist which do not appear on the face of the pleadings, but which work an estoppel, such facts may be made the subject matter of a plea, but can not be taken advantage of by demurrer. *Hirsch* v. *Northwestern Mutual Life Ins. Co.,* 191 *Ga.* 524 (13 S. E. 2d, 165). It has been held that, if upon the hearing of a demurrer to a petition the plaintiff make profert of a writing which is not the foundation of the suit and not set forth in the petition or exhibits thereto, it does not thereby become a part of the petition so as to be considered on demurrer, notwithstanding the order of the judge recites that it was agreed by counsel that the court might consider the same on demurrer. *Rembert* v. *Ellis,* 193 *Ga.* 60 (17 S. E. 2d, 165, 137 A. L. R. 479). Therefore it was erroneous to strike that portion of the answer to which reference has been made, notwithstanding the court at the time had before it the agreement referred to.

■ The court also fell into error in admitting in evidence the decree in the former suit in Forsyth County, offered for the purpose of showing that the main issue, that of title, had been adjudicated in said suit adversely to the contentions of the plaintiff in error; the objection to its introduction being that it was unaccompanied by the record in the suit on which it was based. The rule is well recognized in this State that, where a judgment is relied on as an estoppel, or as establishing any particular state of facts of which it was the judicial result, it can be proved only by offering in evidence the entire proceedings in which the same was rendered. *Mitchell* v. *Mitchell,* 40 *Ga.* 11; *Gibson* v. *Robinson,* 90 *Ga.* 756 (16 S. E. 969, 35 Am. St. R. 250); *Kerchner* v. *Frazier,* 106 *Ga.* 437 (32 S. E. 351); *Little Rock Cooperage Co.* v. *Hodge,* 112 *Ga.* 521 (37 S. E. 743); *Patterson* v. *Drake,* 126 *Ga.* 478 (55 S. E. 175). The decree did not show on its face that it was a consent decree.

■ It does not necessarily follow, however, that either of the errors above pointed out, or the two combined, will require the grant of a new trial. "Legal error is a compound of both error and injury." *Harrison* v. *Hester,* 160 *Ga.* 865 (129 S. E. 528). In *Brown* v. *Atlanta,* 66 *Ga.* 76, Chief Justice Jackson said: "When a plaintiff in error brings a case here, he must show error which

has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party." In *Blake* v. *Logan,* 108 *Ga.* 763 (33 S. E. 54), it was held that even if, on the trial of a claim case, it was erroneous to allow the claimant to supplement the claim by filing an amendment reciting the pleadings and judgment in another case, a verdict sustaining the claim should not be set aside when it appears that the evidence introduced by the plaintiff fully sustained such verdict, and also that the parties complaining of the allowance of the amendment themselves put in evidence the pleadings and judgment to which the amendment referred. In *Ellis* v. *First National Bank of Atlanta,* 182 *Ga.* 641 (186 S. E. 813), it was ruled that even if the plea stated a good defense, it affirmatively appeared from the record and the facts of the case that the error, if any, in striking the plea was harmless.

The practical question is: how has the plaintiff in error been hurt by the striking of that part of his plea in which he attacked the decree in the Forsyth County suit, and in permitting its introduction unaccompanied by the record in that case? The approved brief of evidence shows that there was admitted without objection a certified copy of an agreement entered into in the case of Mrs. Alice Tallant v. T. M. Holcombe et al., in Forsyth superior court, dated March 7, 1940, a copy of which was attached to the brief and marked Exhibit B. It is shown in the preceding statement of facts. It appears therefrom that the parties consented in writing that a verdict be taken and a decree entered thereon finding the premises in dispute to be the property of the plaintiff (Mrs. Tallant); and then the agreement minutely describes the property. This is signed by the parties. Then follows the verdict and the decree. Each again in detail describes the property, its location, and its boundaries. The description has been compared to that of the land on which it is claimed in the present suit that the plaintiff in error has trespassed. The descriptions are identical. There is also in the record a deed to the same lands from Mrs. Tallant to Mrs. Jones, the defendant in error. There is no evidence in the record to contradict any of the above. When, in the trial of the case, it subsequently appeared that the plaintiff in error consented to the finding of this verdict and to the rendering of this decree, it is affirmatively shown that he was not hurt by either of the rulings referred

to in divisions 1 and 2 of this opinion. The consent of the plaintiff rendered harmless the error in both rulings. Compare *Moore* v. *Butler*, 150 *Ga.* 154 (103 S. E. 154).

■ Plaintiffs in error contend that the court erred, as claimed in the fourth ground of the amended motion, in charging the jury as follows: "I charge you that if you should find that these defendants entered upon the lands within two hundred yards of Settingdown Creek in the lands described in plaintiff's petition or in either of them, and cut and removed therefrom timber, then the plaintiff would be entitled to recover against the defendants in accordance with the rule which I will presently give you concerning the measure of damages." The attack on this charge is as follows: "Movants contend said charge was error and prejudicial to them for the reason that it authorized the jury to find against movants in case it should be shown that they had cut any timber in lot of land No. 428 within a distance of 200 yards of Settingdown Creek, whereas plaintiff, under her pleadings and evidence, was restricted to recovery for the cutting of timber within two hundred yards of said creek measured only from its course through lots of land Nos. 429, 430, 363, and not from any point in lot of land No. 436."

The court having charged the jury that if the defendants entered "upon lands within two hundred yards of Settingdown Creek *in the lands described in plaintiff's petition*" (italics supplied), we do not think that the criticism of the charge is well founded.

■ In instructing the jury as to the measure of damages, the judge gave in charge the provisions of the Code, § 105-2013, as to the cutting and removal of timber from lands belonging to another; the full value if wilfully done, or less if innocently done. The amended motion complains that such a measure of damages was inapplicable in this case, and also insists under the general grounds that there was no evidence on which to properly assess the damages.

Whether or not the court gave to the jury proper instructions as to the measure of damages depends upon the character of the plaintiff's suit, and its character is determined by the facts recited in the petition and the nature of the relief sought. *City of Albany* v. *Cameron*, 121 *Ga.* 794 (49 S. E. 798).

In her original petition, Mrs. Jones made no mention of any trees being carried away. After setting out her rights of ownership to the property and referring to the suit in Forsyth superior court,

the plaintiff proceeded to charge that the defendants had conspired "to enter upon and commit a trespass" upon her property, and did on a certain date "enter upon and commit a trespass to part of the property" by their agents and servants, who cut and felled trees on her land and who were working under direction of the defendants "at the time of the trespass and damages to plaintiff's land and property." In one paragraph of her petition she charges the defendants with "the most gross acts of trespass," and that they committed "said acts of trespass and damages to plaintiff's property" wilfully and maliciously; and in another paragraph she charges that defendants "entered upon her property and committed acts of waste and caused her damages," without legal warrant or authority. In paragraph 9 of her petition she alleges that "the defendants by cutting and felling timber on the lands of plaintiff, as aforesaid, have damaged her and her said property in the reasonable sum of $500." In her prayers she asks for the recovery of these $500 damages, for injunction against the defendants' further cutting or removing trees or entering upon the land, for "such other and further relief as the case may justify," for process, and that defendants be held in contempt of court. By an amendment she averred that the defendants, after felling the trees, had "snaked" them away. The amendment, however, added nothing to the prayers. There are no allegations as to the value of the trees, nor a prayer for a recovery therefor. Save for the injunction feature, the amended petition makes out a typical case of trespass to realty *quare clausum fregit.* It is a suit for damages to the realty. In such a case, the measure of damages for a trespass to growing timber, when not wilfully done, is the diminution in market value caused by the trespass. If the trespass is wilful, the plaintiff may recover exemplary or punitive damages in addition thereto. *Milltown Lumber Co.* v. *Carter*, 5 *Ga. App.* 344 (63 S. E. 270); *McConnell Bros.* v. *Slappey*, 134 *Ga.* 95 (67 S. E. 440). The two cases just cited treat the whole subject so comprehensively and clearly that it would seem a work of supererogation to attempt to add anything to what may be there found. The court erred in the charge as to the measure of damages.

■ The verdict of the jury, although a general one, really embraced two independent findings. One was as to the right of the plaintiff to an injunction. This of necessity meant that the jury

found that title to the property described in her amended petition was in the plaintiff. The other finding was as to the amount of damages. The case is reversed solely because of an error which affected only the second portion of the verdict, and which could not have entered into the question of who had title to the land. There was abundant evidence to show that the trespass was committed on the lands described in the plaintiff's pleadings. This description, as heretofore pointed out, is the same as that contained in the written agreement, in the decree in Forsyth superior court declaring title to be in Mrs. Tallant, and in the deed from Mrs. Tallant to the plaintiff. It appears from the uncontradicted evidence that it was a consent decree. The court had jurisdiction to enter it. If erroneous, because in the description of the land it went beyond the pleadings, that did not render it void. In *Philmon* v. *Marshall,* 116 *Ga.* 811 (43 S. E. 48), following earlier cases, it was ruled that a judgment for a larger sum than that sued for is not for that reason void, but it is a mere irregularity. In *Estes* v. *Estes,* 192 *Ga.* 94, 98 (14 S. E. 2d, 681), this court, referring to a judgment, gave approval to the statement in a well-known law publication that "consent cures all errors not going to the jurisdiction of the court, and obviates the necessity of proof, or of a verdict or findings." In *Cheney* v. *Selman,* 71 *Ga.* 384, this court said: "A judgment unreversed is an estoppel; so are solemn admissions made in judicio." It was binding on the parties and their privies.

In view of the entire record before us, we are not inclined to reverse the case generally, but to reverse it on condition, and to give directions as follows: (a) If, before the remittitur from this court is made the judgment of the trial court, the plaintiff, Mrs. Jones, will write off from the verdict and decree the sum of $112 damages found by the jury, the judgment will stand affirmed. (b) If she does not elect so to do, then the judgment stands reversed, and a new trial granted, with direction that on the next trial she be allowed, if she so desires, to amend her petition in so far as it pertains to damages, and that on said next trial the only issue submitted to the jury be the question of damages, and the amount thereof, if any. (c) If she declines to amend her petition so as to conform to what was ruled in *Milltown Lumber Co.* v. *Carter,* supra, and *McConnell Bros.* v. *Slappey,* supra; or, if so amended, the proofs submitted fail to supply evidence on which to base dam-

ages, then the court will withdraw the case from the jury, and enter a decree in conformity with that portion of the jury's verdict dated December 7, 1943, in so far only as it relates to the injunction. Compare *Western & Atlantic R. Co.* v. *Young,* 83 *Ga.* 512 (9) (10 S. E. 197) ; *Polhill* v. *Brown,* 84 *Ga.* 338 (10 *a*) (10 S. E. 921) ; *Brantley* v. *Johnson,* 102 *Ga.* 850 (2) (29 S. E. 486) ; *Watson* v. *Loughran,* 112 *Ga.* 837, 842 (38 S. E. 82).

*Judgment reversed on condition, with directions. All the Justices concur.*