BRADLEY *v.* THOMPSON *et al.*

No. 15980.   October 17, 1947.

*H. O. Hubert Jr.*, and *John E. Verner*, for plaintiff in error.
*Carl T. Hudgins* and *Quillian & Vandiver*, contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ Special grounds 2 to 6 of the amended motion for new trial complain of the refusal of the court to allow certain witnesses for the defendant to testify as to conversations between the witnesses and Alonzo Bradley with reference to who owned the house in question. All of the witnesses stated that they had had such conversations, and it is insisted that, if the witnesses had been permitted to answer, they would have testified that Alonzo Bradley, while living in the house and in possession of the same, told them that he owned the house and that Earnest Bradley did not own it.

Special grounds 7 to 10 complain of the refusal of the court to admit in evidence material excerpts from certain letters written by Alonzo Bradley to Hamp Bradley and Annie Ree Thompson after he moved away from the property. The first letter was written while the prior divorce action was pending, and the other three letters were written shortly after the verdict for alimony was rendered. The defendant insisted that the excerpts from the letters were admissible because they tended to prove a conspiracy by Alonzo Bradley, Earnest Bradley, J. C. Pool, and the plaintiffs, and tended to prove title in Alonzo Bradley.

While the defendant's answer, in the nature of a cross-petition, averred that her husband, Alonzo Bradley, paid for the land and caused the title to be put in the name of his son, Earnest Bradley, thus constituting her husband the true owner, and that whatever equity her husband had in the land had been awarded to her as permanent alimony in a prior action for divorce, her evidence here failed to support the averments and showed only that the defendant's husband bought the material that went into the house, and that he took some of the defendant's money to help buy it.

The uncontradicted evidence of the plaintiffs showing that paper title was in the name of the son, and that the son bought and paid for the land, the burden was on the defendant to show that her husband paid for the land and caused title thereto to be taken in the name of his son. Conceding that the defendant's husband, who was not a party to the present suit, made statements, while living on the land, that he was the owner thereof, and that after moving away he wrote letters tending to show that he was endeavor-

ing, for the purpose of preventing the defendant from collecting alimony from him under a judgment previously rendered, to conceal the fact that he was the owner of the land in question, and that such conduct tended to prove a conspiracy, as claimed by the defendant, this evidence would not be sufficient to prove title in the defendant's husband. Accordingly, the error of the trial court, if any, in excluding such evidence was harmless, and a judgment will not be reversed for harmless error. *Holcombe* v. *Jones,* 197 *Ga.* 825, 830 (3) (30 S. E. 2d, 903).

■ Special ground 1 complains of the charge: "Trusts are either express or implied. Express trusts are those created and manifested by agreement of the parties. Implied trusts are such as are inferred by law from the nature of the transaction or the conduct of the parties. . . All express trusts shall be created or declared in writing." The criticism is that the statement in reference to express trusts (a) was confusing and misleading to the jury; and (b) was not adjusted to the evidence, in that there was no contention on the part of the defendant that any express trust existed.

In the absence of any issue as to the existence of an express trust, it could not reasonably be said that the charge that all express trusts shall be created or declared in writing was confusing to the jury; and the error, if any, in giving the charge was harmless to the defendant. The court having properly charged the provisions of the Code, § 108-104, that express trusts are those created and manifested by agreement of the parties, while implied trusts are such as are inferred by law from the nature of the transaction or the conduct of the parties, and thereafter charging the provisions of the Code, § 108-105, that all express trusts shall be created or declared in writing, and there being no evidence whatever as to any trust having been created in writing, the charge of the court left for the consideration of the jury only the inquiry whether or not, as contended by the defendant, an implied trust was shown by the evidence. Furthermore, the jury could not have been misled since, immediately following the instruction complained of, the court charged the provisions of the Code, § 108-106 (1 and 3), that "trusts are implied whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in

another, and also where from the nature of the transaction it is manifest that it was the intention of the parties that the person taking the legal title should have no beneficial interest;" and there being no evidence whatever as to an express trust, the effect of the charge was again to confine the inquiry of the jury to the sole issue of whether or not an implied trust was shown by the evidence. See *Floyd* v. *Boss,* 174 *Ga.* 544 (5) (163 S. E. 606).

The evidence was sufficient to support the verdict in favor of the plaintiffs, and the trial court did not err in overruling the defendant's motion for new trial as amended.

*Judgment affirmed.    All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*