**W. B. RODDENBERY CO., Inc. et al. v. CARTER.**

No. 13340.

United States Court of Appeals Fifth Circuit.

Jan. 18, 1952.

644

Geo. T. Smith, S. P. Cain, Cairo, Ga., for appellants.

Charles H. Kirbo, Vance Custer, Bainbridge, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

PER CURIAM.

Appellee's motion for rehearing has two objects: (1) to secure a reversal of our former opinion; and (2) its clarification in respect of the remittitur.

As to the first object, appellee's reference to Georgia authorities [1] and his claim that they convict this court of error in reversing the judgment below, entirely misconceive the effect of our opinion. These authorities merely hold that Georgia reconciles the divergent authorities on the measure of damages for trees wrongfully felled by declaring this measure is the diminution in the market value of the realty unless the value of the trees plus the incidental damage to the realty exceeds the diminution in market value.

These authorities do not deal remotely with the law which is determinative here, that in Georgia, as generally elsewhere, in a suit for damages flowing from a temporary nuisance, there is no basis for the submission of the issue of permanent damage to the land.

We reversed, not for want of testimony [2] that the realty had been damaged, but because, the nuisance being temporary, permanent damages were not recoverable.

In respect of the remittitur, we agree with appellee that the opinion does need clarifying. Declaring "that the judgment which this court should give is not one of reversal for trial anew but one of conditional affirmance requiring the appellee to remit and appellants to accept a remittitur * * *", the opinion then goes on to confer what seems to be a double option, an option upon appellee to remit and an option upon appellants to accept, with the result that the remittitur will not be effective unless both agree to it. It was, and is, the intention of the opinion, not to compel appellee to remit, but to give him an option to do so, upon pain of reversal if he does not.

It was not the intention of the opinion to permit appellants to refuse the remittitur and cast the full costs on appellee. The last paragraph of the opinion is, therefore amended to strike from it the words "and accepted" in the two places in the paragraph where they appear, with the result that if appellee enters the remittitur, the judgment as reduced will be affirmed with costs divided.

The motion for rehearing is otherwise denied.

1. Mill Town Lumber Co. v. Carter, 5 Ga. App. 344, 63 S.E. 270; McConnell Bros. v. Slappey, 134 Ga. 95, 67 S.E. 440, 441; Holcombe v. Jones, 197 Ga. 825, 30 S. E.2d 903.

2. We stated expressly that there was testimony "that the contamination had hurt land values along the creek."