*O. A. Nix,* contra.

---

### GILES *v.* VOILES.

1. The act of 1910 (Acts 1910, p. 90) imposes certain statutory duties upon drivers of automobiles, with reference to persons and property using the highway in the ordinary course of travel. These are cumulative, and do not destroy the common-law duties of drivers of automobiles relatively to persons and property using the highway. The duty at common law of a driver of an automobile, relatively to persons and property on the highway, is to exercise ordinary care to avoid injuring them. What will amount to ordinary care will depend upon the circumstances of the case.

(*a*) Accordingly, on the trial of an action for damages on account of injury to a mule while being led by its owner along the public highway, alleged to have been caused by the negligence of the owner of the automobile in driving the machine along the road, it was erroneous to charge broadly: "The degree of diligence which must be exercised in a particular exigency is such as is necessary to prevent injuring others."

2. Under repeated rulings of this court, in the absence of a timely written request, it is not erroneous to omit to charge on the subject of impeachment of witnesses.

3. Other grounds of the amended motion for new trial are without merit.

MARCH 16, 1916.

Action for damages. Before Judge Brand. Oconee superior court. August 14, 1915.

*Middlebrooks & Pennington,* for plaintiff in error.

*Wolver M. Smith,* contra.

ATKINSON, J. 1. On the 30th day of May, 1914, the owner of a mule was leading it along a public highway, when an automobile being driven by its owner approached from behind. When the machine was in the act of passing, the mule shied out into the road and a collision occurred, resulting in injury to the mule, which was so serious that after a few days it became necessary to kill the mule, thereby rendering it a total loss. The scene of the catastrophe was not at or near a bridge, dam, sharp curve, descent, or crossing of an intersecting highway or railroad. The owner of the mule instituted an action for damages against the owner of the automobile, on the ground that the injury was caused by the negligence of the

defendant in the operation of the machine. The jury returned a verdict for the plaintiff. The defendant made a motion for new trial, and excepted to the judgment refusing a new trial. On the trial the judge charged: "The degree of diligence which must be exercised in a particular exigency is such as is necessary to prevent injuring others; and in considering whether the operator of an automobile exercises due diligence, or by failure to exercise due diligence is guilty of negligence, the character of the instrumentality which he operates and the danger attached to its operation, if it be improperly used, as well as the character of the highway being traversed, and the probability of inflicting injury if all needed care is not used in the operation of the machine, are all to be taken into account by the jury." In the motion for new trial complaint was made of the language, "the degree of diligence which must be exercised in a particular exigency is such as is necessary to prevent injuring others," as employed in the foregoing excerpt, on the ground that it instructed the jury that the defendant was bound to a higher degree of care than that required by law. By section 5 of the act approved August 13, 1910 (Acts 1910, p. 90), it is provided in part that no person shall operate a machine on any of the highways of this State, as described in this act, at a rate of speed greater "than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person, or the safety of any property." By section 6 it is provided that upon approaching a pedestrian in a roadway or highway, as described in this act, or a horse or horses, or other draft animals being ridden or driven thereon, the person operating the machine shall give reasonable warning of its approach by the use of a bell, horn, gong, or other signal, and "use every reasonable precaution to insure the safety of such person or animal, and in the case of horses, or other draft animals, to prevent frightening the same." Section 7 provides that a person operating a machine shall, at the request or on signal by putting up the hand or other sign of distress of a person riding, leading, or driving a restive horse or other draft animal, bring such machine immediately to a stop, and, if traveling in an opposite direction, remain stationary so long as may be reasonable to allow such horse or animal to pass, and, if traveling in the same direction, use reasonable caution in passing such animal, and in case such horse or

animal appears frightened, or the person operating such machine is requested to do so, such person shall cause the motor of the machine to cease running so long as shall be reasonably necessary to insure the safety of others. Section 10 provides that nothing in this act shall be construed to curtail or abridge the right of any person to prosecute a civil action for damages by reason of injuries to person or property resulting from the negligent use of the highway described in this act by a machine or its owner or his employee or agent. The foregoing defines certain duties to be observed in the operation of automobiles, as imposed by statute, which are not the same as the general duty imposed upon the driver of a vehicle on the highway in regard to the safety of other persons or property using the highway. The act does not purport, aside from the things specially enumerated, to provide a degree of diligence applicable to the operation of automobiles, different from what would be required under the general law in regard to other persons using the highway. In *Strickland* v. *Whatley*, 142 *Ga.* 802 (83 S. E. 856), speaking of the measure of care laid down in the same act, it was said: "In most respects it is not greatly different from the rule of ordinary care which applies in the absence of a statute." This is but a statement that, aside from the duty to observe the requirements specified in the act, the degree of care imposed upon drivers of automobiles in a public highway is ordinary care. See also Cumberland Tel. &c. Co. v. Yeiser, 141 Ky. 15 (131 S. W. 1049, 31 L. R. A. (N. S.) 1137) ; Christy v. Parker, 216 Ill. 31 (74 N. E. 1035, 1 L. R. A. (N. S.) 215, 108 Am. St. R. 196, 3 Ann. Cas. 487) ; Murphy v. Wait, 102 App. Div. 121 (92 N. Y. Supp. 253) ; Thies v. Thomas, 77 N. Y. Supp. 276; 2 Ruling Case Law, 1182, § 18. In Maryland it has been held that a person using the highway with an automobile must exercise reasonable care to prevent injury to others. Fletcher v. Dixon, 107 Md. 420 (68 Atl. 875) ; Standard Oil Co. v. Hartman, 102 Md. 563 (62 Atl. 805). In *Central Railroad Co.* v. *Ryles*, 84 *Ga.* 420, 430 (11 S. E. 499), it was said: "The standard of ordinary and reasonable care is invariable, such care being that of every prudent man. . . . But the care of a prudent man varies according to circumstances, dependent upon the degree of danger." The law defines ordinary care, but whether certain conduct amounts to ordinary care is a question of fact dependent upon the circumstances

of the case. The degree of caution necessary to show the exercise of ordinary care varies according to the danger of the enterprise in which the party is engaged. In *Denson* v. *Ga. Ry. & El. Co.,* 135 *Ga.* 132 (68 S. E. 1113), it was said: "A power company in furnishing electricity to patrons, with respect to employees of the latter rightfully upon the premises of the patron and likely to come into contact with wires carrying the current supplied, is bound to use ordinary care, which demands that the power company shall use such diligence in preventing injuries to such employees as is commensurate with the danger involved in the use and control of such a subtile and deadly agency as electricity." The excerpt from the charge excepted to purported to state the rule of care which the law exacted of the defendant, but in doing so stated the rule too strongly against the defendant. Under the pleadings and evidence, the question was not whether the defendant had violated the provisions of the statute, but whether he was negligent under the general law and his negligence caused the injury. In stating the degree of diligence that the defendant was rquired to observe, the court informed the jury that he was bound to a degree of diligence which would prevent injury to the plaintiff. This, in effect, imposed upon the defendant the duty of observing the diligence required of an insurer, and eliminated all such questions as accident, contributory negligence, and the duty of the plaintiff to exercise ordinary care to avoid the consequences of the defendant's negligence. It was the equivalent of instructing the jury that it was the duty of the defendant to avoid injury to the plaintiff's property at all events. The excerpt from the charge excepted to was in the language of a note in *O'Dowd* v. *Newnham,* 13 *Ga. App.* 220 (80 S. E. 36). It will be observed, however, that the question there under consideration was not upon a charge of the court; and when the note referred to is read in connection with the other notes in the case, it is manifest that it was not intended by the Court of Appeals to state that the driver of an automobile was bound to so high a degree of diligence as the language of the note implied.

2, 3. It is unnecessary to elaborate upon the rulings announced in the 2d and 3d headnotes.

*Judgment reversed. All the Justices concur.*