### 15437. DAVIES *v.* WEST LUMBER COMPANY.

1. The motor-vehicle act (Ga. L. 1921, pp. 256-258; Park's Code Supp. § 828 *a* et seq.) "imposes certain statutory duties upon drivers of automobiles, with reference to persons and property using the highway in the ordinary course of travel. These are cumulative, and do not destroy the

common-law duties of drivers of automobiles relatively to persons and property using the highway. The duty at common law of a driver of an automobile, relatively to persons and property on the highway, is to exercise ordinary care to avoid injuring them. . . The standard of ordinary and reasonable care is invariable, such care being that of every prudent man. . . But the care of a prudent man varies according to the circumstances, dependent upon the degree of danger." *Giles* v. *Voiles,* 144 *Ga.* 853 (1), 855 (88 S. E. 207); *Central R. Co.* v. *Ryles,* 84 *Ga.* 420 (11 S. E. 499); *Central of Ga. Ry. Co.* v. *Hartley,* 25 *Ga. App.* 110 (6) (103 S. E. 259); *Fincher* v. *Davis,* 27 *Ga. App.* 494 (5) (108 S. E. 905). But whatever the driver's duty, in the exercise of the ordinary diligence required by law, may be as to manifesting especial alertness and precautions, when traversing a frequented city street, in anticipating and detecting the presence of pedestrians and avoiding injury to them, it is for the jury to apply the unvarying standard of ordinary care to the facts and exigencies of each particular case; and it would have been erroneous to charge in effect that an automobile driver must exercise extraordinary care in any such particular exigency. *Giles* v. *Voiles,* supra.

2. In the instant action by a pedestrian, for damages on account of being struck by the defendant's automobile, the court charged the jury that "if the defendant was negligent. as a matter of law in the manner just defined, but the plaintiff could by the use of ordinary care have avoided the consequences of that negligence after it was discovered, the plaintiff could not recover." Exception is taken by the plaintiff upon the ground that "said charge eliminates all consideration on the part of the jury as to comparative negligence, and made it obligatory to them to render a verdict for the defendant, if they thought the plaintiff was guilty of any negligence at all," and for the reason "that the doctrine of contributory negligence must be affirmatively pleaded, and the pleadings show that at no time did defendant affirmatively plead this doctrine." *Held:*

(a) If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. Civil Code (1910), § 4426. This rule is a different principle from what is known as the doctrine of comparative negligence. *Americus &c. R. Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105). In the one case the failure of the plaintiff to exercise ordinary care to avoid the consequences of the defendant's negligence as it had or should have become apparent precludes a recovery; while under the doctrine of comparative negligence a plaintiff can recover partial damages for injuries caused by the negligence of the defendant, notwithstanding his own fault (in degree less than that of the defendant, and short of a lack of ordinary care) might have contributed thereto. The plaintiff can never recover in an action for personal injuries, no matter what the negligence of the defendant may be, short of actual wantonness, when the proof shows he could by ordinary care, after the negligence of the defendant began or was existing, have avoided the consequences to himself of that negligence. *Americus R. Co.* v. *Luckie,* supra; *Athens Ry. &c. Co.* v. *McKinney,* 16 *Ga. App.* 741, 746 (86 S. E. 83). But if the plaintiff is not guilty of such negligence as will prevent a recovery, but is guilty of some negligence, the doctrine

of diminution of damages may also be invoked. *Elk Cotton Mills* v. *Grant*, 140 *Ga.* 727 (4 *a*) (79 S. E. 836, 48 L. R. A. (N. S.) 656). Under these rules, the court correctly charged the law of ordinary care imposed upon the defendant, and the rule of ordinary care devolving upon the plaintiff.

(*b*) Where an instruction contains within itself a full and correct statement of a rule of law, an exception to it merely as being erroneous will not be construed as an exception to an omission to charge in the same connection a related but distinct rule of law. The plaintiff having alleged in his petition that he was "in the exercise of ordinary care," and this averment having been denied in the plea and answer, the court properly and correctly charged the jury as to the rule of ordinary care required of the plaintiff. The exception, being merely to the charge as given, cannot be taken as an exception to the failure to charge, in connection with this rule or elsewhere in the instructions, the separate and distinct principle of comparative negligence or diminution of damages. But even if the exception could be taken as complaining of this failure to charge, the omission would not afford ground for a new trial, the plaintiff having made no request for such an instruction. *Southern Ry. Co.* v. *Hooper*, 110 *Ga.* 779 (36 S. E. 232); *Savannah Elec. Co.* v. *Crawford*, 130 *Ga.* 421 (60 S. E. 1056); *Louisville &c. Ry. Co.* v. *Smith*, 136 *Ga.* 455 (71 S. E. 774); *Deen* v. *Wheeler*, 7 *Ga. App.* 507 (67 S. E. 212); *Cen. of Ga. Ry. Co.* v. *Hill*, 21 *Ga. App.* 231 (2), 233 (94 S. E. 50).

3. Where the jury returned a verdict for the defendant, which under the charge of the court and the evidence necessarily must have been based upon a finding that the defendant was not liable because free from negligence or because of the plaintiff's negligence, an instruction by the court that the jury in estimating damages should not consider injuries to the plaintiff's "eyes and throat except as it bears upon the injury alleged in the petition,— nervousness,"—even if erroneous in view of the omission in the petition of any reference thereto, cannot be held to have been harmful to the plaintiff. *Jackson* v. *Merritt Hardware Co.*, 26 *Ga. App.* 747 (107 S. E. 394).

4. The verdict for the defendant, although not demanded, was authorized by the evidence.

DECIDED JUNE 16, 1924.

Action for damages; from Fulton superior court—Judge Bell. February 1, 1924.

*C. N. Anderson*, for plaintiff.

*Jones, Evins & Moore*, for defendant.

JENKINS, P. J. It is contended by the plaintiff that the verdict for the defendant was unauthorized and contrary to law. The petition charged, as acts of negligence by the defendant, (1) the driving of the automobile truck at a reckless and unlawful speed of "approximately 20 miles per hour when crossing the sidewalk at one of the main thoroughfares of the city of Atlanta;" (2) "driving said truck" across such thoroughfare "without sounding

some warning of its approach;" and (3) "driving to the right of an automobile which he was following when crossing said sidewalk, whereas he should have driven to the left of said automobile in compliance with the rules of traffic of the city of Atlanta." As to the first charge of negligence the evidence was clearly in conflict, authorizing the verdict for the defendant, the defendant's witnesses testifying to a lawful and reasonable speed. As to the second, there was likewise a jury question whether the injury resulted from the failure to sound a warning, from some other cause, or from the lack of ordinary care by the plaintiff, even if the jury, in passing upon these questions, could properly have considered such failure to sound a warning, in view of the testimony of the plaintiff himself that he saw the automobile truck approaching even before he left the sidewalk to cross the street, near the center of which he was struck. The sounding of a signal of approach, under such circumstances, could hardly have added to the knowledge of the defendant. As to the act of the defendant in passing to the right, instead of to the left, of an automobile preceding the defendant's truck and moving in the same direction, it appears from the plaintiff's evidence that, after he stepped from the sidewalk of the street intersecting that along which the defendant's truck and the car preceding it were approaching, he succeeded in passing the front car, when he was struck by the truck, which had passed the front car to the right.

It is contended that, under the rule stated in *O'Dowd* v. *Newnham,* 13 *Ga. App.* 320 (7), since, as in that case, "the automobile in question was suddenly turned from the course it was taking, whereby it collided with a pedestrian to whom no signal or warning was given," and since, as the plaintiff contends, it appears "from undisputed evidence that the pedestrian was exercising due care," this was sufficient to "exclude all idea of contributory negligence" on the part of the plaintiff. The ruling in that case, however, was not, as the plaintiff here contends, that the proof demanded a verdict for the plaintiff, but merely that it was "sufficient to *authorize* the jury to find that the negligence of the driver was the proximate cause of the injury;" and it was there further held that "it is for the jury to determine, from the evidence, in any case of a collision between an automobile and a pedestrian, whether it was the duty of the driver to have stopped the auto-

mobile, whether he endeavored to do so, and whether the failure to stop in the particular case was due to negligence." In the instant case there is no charge of negligence either in failing to have the car "under immediate control" in approaching a "person walking in the roadway," or in not "passing to the left side of the . . vehicle overtaken," in conformity with the provisions of the motor-vehicle act, but the allegation is merely that, in passing the vehicle in front, the defendant's driver "should have driven to the left of said automobile in compliance with the *rules of traffic of the City of Atlanta.*" (Italics ours.) No municipal ordinance was introduced, and this court is not empowered to take judicial cognizance of such an ordinance. Moreover, emergencies may arise when the failure to observe such a rule by the person driving to the wrong side might not amount to a failure to exercise ordinary care. See *Athens Ry. &c. Co.* v. *McKinney,* 16 *Ga. App.* 741, 744 (supra) ; *Pacetti* v. *Cen. Ry. Co.,* 6 *Ga. App.* 97 (2), 98 (64 S. E. 302). As has been repeatedly held, questions of negligence, including contributory negligence, as well as the question as to what constituted the proximate cause of an injury, are all such questions as lie peculiarly within the province of the jury. In the instant case it appears, according to the evidence for the defendant, that the sudden stopping of the other car in front without warning required the defendant's driver to turn his car to the right in order to avoid a collision. On these questions as to the negligence of the defendant, the proximate cause of the injury, and the exercise of ordinary care by the plaintiff to avoid injury, while there was strong evidence which might have authorized a verdict for the plaintiff, such a verdict was not demanded.

*Judgment affirmed. Stephens and Bell, JJ., concur.*