21433. LEE *v.* GEORGIA POWER COMPANY.

DECIDED DECEMBER 17, 1931.

*Breen, Finch & Padgett,* for plaintiff.

*Colquitt, Parker, Troutman & Arkwright,* for defendant.

JENKINS, P. J. 1. The difference between negligence per se and other negligence is in the mode of establishing it. In the one case the law itself establishes negligence when a certain act or omission is proved, while ordinarily the question whether a fact when proved constitutes negligence is left to the determination of a jury. *Central of Ga. Ry. Co.* v. *Larsen,* 19 *Ga. App.* 413, 420 (91 S. E. 517). Where it is sought to establish negligence by showing acts or omissions in violation of a statute of this state, it is not necessary for the plaintiff to plead the statute in order to get the benefit of it. *Atkinson* v. *Hardaway,* 10. *Ga. App.* 389 (6) (73 S. E. 556).

2. In the instant suit against a street-railway company for damages on account of injuries alleged to have been sustained when the plaintiff was thrown from an automobile in which she was a passenger, on account of its running into a hole left on the defendant's right of way at the intersection of a public highway, it being alleged that the plaintiff fell from the car upon certain stones left upon the right of way at the point of intersection, it was specifically alleged in the original petition that the defendant had allowed "numerous large granite stones to remain on the street and on their right of way at this point, which said stones petitioner alleges were negligently and carelessly allowed to fall on the ground from the defendant's street-cars," and that the defendant was guilty of negligence in "allowing large granite boulders to drop from their street cars and remain on a public thoroughfare where their right of way crosses the same." It was further alleged in the original

petition that the defendant was guilty of negligence in failing to keep its right of way at the point where it crossed the public street in good order as "provided by code sections 2672 and 2673 of Michie's Code of Georgia of 1926." Since any proof the plaintiff might have had relative to the alleged presence of granite boulders on the right of way at the street intersection was admissible under the allegations of the original petition, and since it was not necessary for the plantiff to plead any statute of this State which might have been violated by the defendant by allowing such boulders to fall upon the right of way or remain on it, the mere refusal to allow an amendment to the petition, which set forth that "the defendant was negligent per se in allowing large boulders to fall from their work cars and remain on their right of way where the same crosses a public highway in violation of section 1770 (60 w) of Michie's Code of Georgia of 1926" could not have been error harmful to the plaintiff. If the acts of negligence set forth by the petition constituted a violation of the motor-vehicle act approved August 23, 1927 (Ga. L. 1927, pp. 226, 242, § 23) as codified in the 1930 supplement to Michie's Code (1926), § 1770 (60 w), which question is not presented for determination, it was not necessary for the plaintiff to plead such statute in order to get the benefit of it. It does not appear that the court declined to allow proof in support of the negligence as alleged, or that the judge in his charge to the jury failed to give the plaintiff the benefit of the statute mentioned.

3. Under the foregoing rulings, the verdict and judgment in favor of the defendant can not be set aside for the only reason assigned, to wit, the alleged error of the court in disallowing the proffered amendment to the declaration.

*Judgment affirmed. Stephens and Bell, JJ., concur.*