25874. MEADS, administrator, *v.* WILLIAMS.

Decided February 4, 1937.

*John C. Hollingsworth,* for plaintiff in error.

*H. A. Boykin,* contra.

Felton, J. ■ "An oral motion to strike performs the office of a general demurrer." They are interchangeable in their uses. Such an oral motion "is ineffectual unless the pleading against which it is directed as a whole is fatally defective." *Elbert County* v. *Brown,* 16 *Ga. App.* 834 (86 S. E. 651) ; *Royal Insurance Co.* v. *Oliver,* 50 *Ga. App.* 327 (2) (177 S. E. 922). An oral motion to dismiss a petition, or to strike an entire plea or answer, will not perform the function of a special demurrer, and accordingly will not reach mere defects of form, or a failure to elaborate with greater detail particular facts alleged. *Minnesota Lumber Co.* v. *Hobbs,* 122 *Ga.* 20 (49 S. E. 783) ; *Mullins* v. *Matthews,* 122 *Ga.* 286 (50 S. E. 101). Where an amendment to a petition was filed and allowed during the trial of the case, whether or not the defendant's oral motion immediately made should be construed as in the nature of a general or a special demurrer, and, if construed as the latter and as attacking merely formal defects in the amendment which did not render the entire petition invalid, whether or not the defendant was entitled to make such an attack by oral motion rather than by written special demurrer, under the statute providing that *"all defects"* which appear on the face of the pleadings may be taken advantage of by *motion"* (Code, § 81-302), the petition taken with the amendment sufficiently pleaded the contract relied on, and the court did not err in denying the motion.

■ "Services rendered [in behalf of a parent] by a child even after majority are not a sufficient consideration to support a con-

tract, unless there has been an express promise on the part of the parent to pay for such services, or the surrounding circumstances plainly indicate that it was the intention of both parties that compensation should be made." *Walker* v. *Brown,* 104 *Ga.* 357, 361 (30 S. E. 867) ; *O'Kelly* v. *Faulkner,* 92 *Ga.* 521 (17 S. E. 847) ; *Ayers* v. *Taylor,* 52 *Ga. App.* 534 (3) (184 S. E. 365) ; and cit. In this suit by a married daughter against the administrator of the estate of her father to recover for services in the board and nursing of her father, the evidence, though conflicting, authorized findings that the father agreed to pay the daughter the value of her services, that he was mentally capable of making such a contract, and that the recovery represented the reasonable value of the services.

■ "Where any suit shall be instituted or defended by . . the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the . . deceased person as to transactions or communications with such . . deceased person, whether such transactions or communications were had by such . . deceased person with the party testifying or with any other person. . . Where a person not a party, but a person interested in the result of a suit, shall be offered as a witness, he shall not be competent to testify, if as a party to the cause he would for any cause be incompetent." Code, § 38-1603, par. 4. Exception is taken to the admission of testimony of the plaintiff's husband, stating merely the circumstances and an incidental conversation between the plaintiff and her father, accompanying, but not showing, the first of the alleged promises of the father to pay. Thereafter, not only was similar evidence admitted without objection, but on cross-examination testimony was elicited as to actual agreements to make payment. Accordingly, no injury appears in the admission of the testimony in question, and it is unnecessary to determine whether or not the general rule as to the husband's lack of disqualifying pecuniary interest might be varied because of the allegation by the plaintiff that "her husband was a man of limited means, and that it was necessary to rely on him for support of herself as well as the support of" her father.

■ In the absence of a timely request for any other desired instruction, the court sufficiently and properly charged to the jury

■

the law as to what constituted a valid contract, and as to the required mental capacity of the father to make a contract. The instructions complained of could not, as contended, have reasonably been misunderstood by the jury as meaning that the father's contract would be valid, even though mentally incapable, if he had lucid intervals at any time during the period of the services, regardless of his capacity when the contract was made. The reference made to a contract being "binding upon *his heirs* and his estate" does not appear likely to have prejudiced the "*estate*," the administrator of which was sued, merely because of the addition of the words "his heirs."

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*