25989. POLLARD, receiver, *v.* SAVAGE.

DECIDED MARCH 11, 1937.

■■■■■■■■■■■■■■■■■■■■■■■■■

*Little, Powell, Reid & Goldslein, James K. Rankin,* for plaintiff in error.

*Arnold, Gambrell & Arnold,* contra.

SUTTON, J.   The plaintiff brought suit for damages alleged to have been sustained because of the negligent operation of the defendant's train within the city limits of Atlanta at a public crossing, it being alleged that she was at the time an occupant of an automobile into which the train ran while the automobile was going over the crossing, and that the train was running at an excessive rate of speed in violation of a city ordinance, and without any light on the engine or giving any signal whatever of its approach.   The jury returned a verdict in favor of the plaintiff.   The defendant filed a motion for new trial on the general grounds, and by amendment added two special grounds complaining of certain portions of the charge of the court.   The court overruled the motion, and the defendant excepted.   The only two assignments of error insisted on in the brief of counsel for the defendant relate to two portions of the charge of the court which are dealt with in the following opinion.

1.   Error is assigned on the charge of the court that "The State law of Georgia requires also that upon the line of each railway, at a point four hundred yards from the center of its intersection at grade with any public road or street used by the public generally in crossing the tracks of the railroad, and on each side thereof, there shall be erected a blow-post to indicate the existence of a crossing," etc.; it being contended that such charge imposed on the defendant a statutory duty to erect a blow-post at a point four hundred yards from the grade crossing where the collision between the plaintiff's automobile and the defendant's train occurred, and that thereby the jury was misled into believing that it was the duty of the defendant to blow the engine's whistle at such crossing, and that if the jury so believed, and the issue being closely contested as to whether or not the whistle was blown, and otherwise, a sufficient basis for liability was thereby afforded under the charge; and that such conclusion was more readily reached by the jury because immediately following the reading of the blow-post law, and in the same context therewith, the court also charged that "to violate the aforesaid

law, as I have stated, on the part of the defendant would be negligence in itself; and if such failure to comply with the State law was the proximate cause of plaintiff's injury, she would be entitled to recover in so far as that phase of the case is concerned;" that such portion of the charge had the effect of telling the jury that the failure to erect the blow-post, and by inference to blow the whistle beginning at the blow-post and continuing until the engine reached the crossing, would of itself constitute negligence per se, and that if the jury so understood it was warranted in finding such failure to blow the whistle to have proximately caused the injuries of which the plaintiff complained, because, in addition to specifications of negligence based on the blow-post statute, negligence was also charged in failing to give any signal of the approach of the train to the crossing by bell, whistle, etc.

The quoted excerpt is only a portion of the following charge of the court: "The State law of Georgia requires also that, upon the line of each railway, at a point four hundred yards from the center of its intersection at grade with any public road or street used by the public generally in crossing the tracks of the railroad, and on each side thereof, there shall be erected a blow-post *to indicate the existence of a crossing,* and the engineer operating the locomotive of any railroad train moving over the tracks of the railroad shall be required, when he reaches same, as a signal of approach to said crossing, to signal the approach of his train *by constantly tolling the bell of the locomotive,* and in addition thereto, after reaching said post farthest removed from said crossing and while approaching the crossing, he shall keep and maintain a constant and vigilant lookout along the track ahead of said engine, and shall otherwise exercise due care in approaching said crossing to prevent injury to any person or property which may be on said crossing; and to violate the aforesaid law, as I have stated, on the part of the defendant would be negligence in itself; and if failure to comply with the State law was the proximate cause of the plaintiff's injury, she would be entitled to recover in so far as that phase of the case is concerned." (Italics ours.) It is clear that the reference to the blow-post law was inappropriate, inasmuch as the collision occurred on a crossing within the limits of a municipality. Under the Code, § 94-507, the railway is relieved of the duty of erecting blow-posts within a municipality, and is not

required to blow the whistle of its engine in approaching grade crossings within a municipality, as distinguished from the requirement of such duties, under Code, § 94-506, where the grade crossing is outside of the city limits. However, it can not be reasonably said that the jury was misled and the defendant harmed by the reference made by the court. In the portion of the charge which we have set out above the court charged four things: (a) that the law requires that . . there shall be erected a blow-post *to indicate the existence of a crossing;* (b) that an engineer operating the locomotive shall be required, when he reaches the blow-post, to signal the approach of his train by *constantly tolling the bell of the locomotive,* etc., and otherwise exercise due care in approaching the crossing; (c) that to violate the aforesaid State law would be negligence in itself; and (d) that if the failure to comply with such State law was the proximate cause of the plaintiff's injury, she would be entitled to recover in so far as that phase of negligence was concerned. Nothing was stated by the court as to any duty on the part of the defendant to blow a whistle, and we think that the only reasonable conclusion that the jury could and did reach from the portion of the charge, as a whole, was that the blow-post was merely to indicate a crossing, and that at such blow-post the engineer should begin to toll the bell, etc., and not that the blow-post was to indicate the necessity of blowing a whistle at such point. We further think that the State law, the violation of which the court charged would be negligence in itself, was rightly understood by the jury to be the law requiring the tolling of the bell, etc., rather than the blowing of a whistle. The evidence of the defendant was to the effect that the bell had been ringing continuously from the time the engine left the terminal station, and that the engine had passed over ten crossings before it reached the one where the collision occurred.

2. Error is also assigned on the charge of the court, "Gentlemen, it is for you to determine whether or not the defendant in this case in the exercise of ordinary care is required to blow a whistle at said crossing," it being contended that under the Code, § 94-507, the defendant was not required to blow the whistle of the locomotive within a municipality, the said charge being erroneously injected into the general charge without proper qualifications, and, "immediately following the statement of the duties

imposed upon the railway company by the blow-post law," tending to confuse and mislead the jury by implying that a duty rested on the railway company under that law to blow the whistle until the crossing was reached, and that when the engine reached the crossing the statute no longer required the blowing of the whistle, but left the matter of blowing at or on the crossing to the jury; that, as stated in the particular context, such portion of the charge had the effect of telling the jury that if they found a failure to blow at the crossing, such failure was negligence, whereas, as the plaintiff in error contends, the failure to blow at the crossing was not pleaded as a ground of negligence in the petition, and the charge stated an issue not raised by the pleadings and the evidence; that it was confusing and misleading, in effect expressing an opinion as to the failure to blow being negligence, and misstating the contentions of the plaintiff by giving them a more favorable construction than they were entitled to, and was necessarily harmful and prejudicial to the plaintiff in error, warranting the grant of a new trial.

In the plaintiff's petition one act of negligence alleged on the part of the defendant was that "the engineer and fireman in charge of said engine negligently failed to give any signal of the approach of said train on said crossing by bell, whistle, or otherwise, as ordinary care required." On the trial of the case there was an issue as to whether or not there was any light on the engine, and also as to whether or not a whistle was blown. Whether or not ordinary care is exercised depends on the circumstances of the case, the greater the danger to be avoided, the greater the measures to be taken to avert it. What is the exercise of ordinary care under the circumstances is ordinarily for determination by the jury. The requirement in the Code, § 94-507, of certain duties of a railway company within the limits of a municipality, does not relieve it from doing what ordinary care otherwise requires to be done. In fact it is expressly provided in the Code, § 94-508, that "The enumeration of certain specific duties as in this law expressed shall in no wise be so construed as to relieve any railroad company from any duty or liability which may be imposed upon it by existing laws." Again, "Independently of the provisions of the statute regulating the operation of railroad trains on approaching public crossings, there rests upon the railroad com-

pany a duty to exercise ordinary care, and a failure of the servants of a railroad company operating its train to give any signal by bell, whistle, or otherwise, or to check the speed of the train on approaching a public crossing, might, in the opinion of the jury, constitute actual negligence, in the light of the surrounding facts and circumstances." *Seabourd Air-Line Ry. Co.* v. *Benton,* 43 *Ga. App.* 495, 497 (159 S. E. 717), and cit. This holding was approved in the same case in 175 *Ga.* 491, 493 (165 S. E. 593). "An act or omission may amount to negligence under the particular facts and circumstances, although there is no statute so declaring. The fact that the law says that the company shall do certain things at a public road crossing does not mean that the dictates of ordinary prudence might not require the doing of the same or similar things at other crossings used by the public with the knowledge and consent of the company." *W. & A. Railroad* v. *Reed,* 35 *Ga. App.* 538, 540 (134 S. E. 134). "While specific duties are frequently imposed by statute upon railroad companies with regard to the care which must be exercised at public crossings, they are, even in the absence of specific statutory requirements, bound to exercise reasonable and ordinary care, dependent upon the situation and surroundings of the crossing and the extent of user and commensurate with the danger involved." 52 C. J. 175, § 1769. That the proper exercise of ordinary care might in some cases require the blowing of a whistle has been recognized in *Western & Atlantic Railroad* v. *Michael,* 44 *Ga. App.* 503, 505 (162 S. E. 294). In *Cordray* v. *Savannah Electric Co.,* 5 *Ga. App.* 625, 633 (63 S. E. 710), it was said: "The duty of diligence is, of course, a relative duty; and while the driver of a street-car might not be under any duty whatever to ring a bell or give any other warning to one who is so far away as to be in no danger whatever of being injured by the car, the presence of another near the track, and seemingly about to cross it or about to come in range of the car, might create a duty as to such second person which would require that every *possible instrumentality* be used to warn him of the approach of the car." (Italics ours.) It is not within the province of the trial court, or of this court, to say what specific instrumentality of warning should have been used on the occasion when the plaintiff was injured. But there was evidence, which the jury could have believed, that the engine

had no light whatever. and was being operated at a rate of speed in violation of a city ordinance, and that it was not seen by any of the occupants of the car in which the plaintiff was riding until it suddenly bore down upon them. It might reasonably have been found by the jury that, under the facts and circumstances of the case, some warning other than by ringing a bell should have been given by the defendant's servants. Consequently the court did not err in instructing the jury that it was for them to determine whether, in the exercise of ordinary care, the defendant was required to blow the whistle of the engine. It follows from what is said above that the court did not err in overruling the motion for new trial.

*Judgment affirmed.* *Stephens, P. J., and Felton, J., concur.*