28635. BRADDY et al. v. W. T. RAWLEIGH COMPANY.

DECIDED FEBRUARY 20, 1941. REHEARING DENIED MARCH 29, 1941.

*Blackshear & Blackshear,* for plaintiffs in error.

*William Brunson, A. L. Hatcher, Lester F. Watson, J. A. Merritt,* contra.

FELTON, J. The W. T. Rawleigh Company sued T. J. Barnett, J. T. Braddy, E. W. Pridgen, and E. B. Jones on a promissory note in the city court of Dublin. All the defendants except T. J. Barnett filed an answer and one amendment in which they alleged that the note sued on was not to become a valid and binding obligation until a certain contract of guaranty which they had executed to the plaintiff was surrendered to them, and that such was the agreement and understanding between them and the agent of the plaintiff who received the note, and that the contract had never been surrendered. The plaintiff filed general and special demurrers to the answer and these were all overruled on June 13, 1931. There was no exception to this judgment. In 1932 the plaintiff filed an amendment to its petition, the material parts of which are as follows: "Plaintiff further alleges that the note sued upon dated Nov. 12, 1929, due May 12, 1930, for the sum of $735.54, signed by the defendants, T. J. Barnett, J. T. Braddy, E. W. Pridgen, and E. B. Jones, represents the amount due and owing this plaintiff on two contracts of suretyship executed by these defendants in favor of this plaintiff, and that said original contracts between said parties are hereto attached and made a part of this amendment. 3. Your petitioner further shows that upon pay-

ment by the said defendants of the amount due on the note sued upon, they are entitled to said contracts of suretyship and this plaintiff herewith tenders and surrenders to these defendants by this amendment and in open court both of said original contracts of suretyship which it now holds, and asks judgment against these defendants on the note sued upon." In 1932 the defendants filed another amendment repeating the defense already set up and adding another ground on which they contended they were not indebted to the plaintiff. On *June 10, 1940,* the plaintiff filed a written motion to strike the defendants' answer and the two amendments on the ground that taken into consideration with the other pleadings and orders of the court they set forth no defense to the cause of action. The court sustained the motion, struck the answer and the two amendments and rendered judgment against the defendants.

The court erred in sustaining the motion to strike the answer and the amendments. Such a motion is in the nature of a general demurrer. The court had ruled in 1931 that the answer and first amendment set forth a good defense as against both general and special demurrers. The plaintiff's amendment, attaching the guaranty or suretyship contracts, and offering to surrender them on condition, etc., did not change the cause of action. The action was still a suit on the note, and the original petition and the amendment of the plaintiff prayed only for a judgment on the note. The defendants' amendment filed in 1932 did not open the answer to general demurrer because the original defense was not changed. If the additional defense added by amendment was not good, the amended answer would have been subject to special but not general demurrer. The ruling on the demurrers in 1931 became the law of the case to the effect that the answer set up a good defense, and there having been no special demurrer aimed at the new defense set up by amendment, the court erred in striking the answer and the two amendments and in rendering judgment for the plaintiff.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*