WILLIAMS *v.* GRIER *et al.*

328

No. 14543.   July 8, 1943.

332

*J. Palmer Williams* and *Williams & Smith,* for plaintiff.

*Bussey, Fulcher & Hardin* and *Price & Spivey,* for defendants.

BELL, Presiding Justice. (After stating the foregoing facts.)

Mrs. Williams instituted an action against Thomas Grier and Columbia Baking Company, to recover damages for personal injuries alleged to have been caused by negligence of the defendants. Each defendant filed a general and special demurrer to the petition, which demurrers were overruled by the trial court. The Court of Appeals held that the petition did not state a cause of action, and thus reversed the judgment of the trial court overruling the demurrers. The plaintiff's application for certiorari was granted. The Court of Appeals made no ruling in regard to the special demurrers, and the only questions raised in this court are as to the sufficiency of the petition to withstand the general demurrers.

According to the allegations of the petition, the plaintiff was riding in a Dodge automobile driven by her son when she was injured in a collision between this and another automobile in the City of Swainsboro. The collision occurred at the intersection of Church Street and Green Street. The Dodge automobile in which the plaintiff was riding was travelling east on Church Street, and her son, the driver, on approaching Green Street, which ran north and south, stopped his automobile and looked "for oncoming vehicles and traffic in each direction at said intersection; and his pathway across said Green Street appearing to be clear, with no traffic approaching to his right or left, he drove and moved said Dodge automobile in which plaintiff was riding as aforesaid forward into said street intersection, and as it was approaching said Green Street another automobile driven by a negro in a northerly direction on said Green Street at a very high rate of speed collided with and struck with terrific force said Dodge automobile driven by plaintiff's son as aforesaid, greatly damaging and practically demolishing said Dodge automobile, and as a result thereof, plaintiff was painfully, seriously and permanently injured." The suit was not against the driver or owner of the other automobile that was involved in the collision, but it was brought against Thomas Grier

and Columbia Baking Company because of the manner in which a truck owned by the Baking Company and in charge of its agent Grier was parked on Green Street near such intersection. It was contended that the truck was parked in such manner as to obscure the view of the drivers of the other vehicles, and that the defendants in thus storing and parking it were guilty of negligence with respect to the plaintiff as a traveler at such intersection. As to this matter it was alleged that the defendants at the time of the collision negligently and carelessly had a large bakery motor-truck parked at the westerly curb of Green Street "at or near the intersection" of Green and Church Streets, with the front end pointed north, and in such position and location that the truck obscured the view of the plaintiff and her son looking in a southerly direction and to the right at the time her son stopped his automobile in obedience to a "stop" sign at such intersection; that Green Street was not a one-way street, and that such parked and stored motor-truck obscured the view of the plaintiff and her son who was driving the Dodge automobile, and also obstructed the view of the driver of the automobile with which said Dodge automobile collided at such intersection; and that if the truck had not been stored and parked as it was, the drivers of the automobiles would have had sufficiently clear view of approaching traffic, and the collision would not have occurred.

It was further alleged that the motor-truck was parked in violation of three separate ordinances of the City of Swainsboro. The petition was evidently designed also to charge negligence as a matter of fact under the circumstances, in addition to negligence as a matter of law in the violation of such ordinances. See paragraphs 6, 9, 11, 16(a), and 16(b) of the petition, as shown in the statement. But in this division we shall consider only the allegations as to violating ordinances, and will consider only two of the ordinances in this connection, namely, sections 245 and 246 of the city code, as quoted in the petition. The first of these two ordinances prohibited the parking of any automobile or other vehicle upon any paved street or sidewalk "overnight." Manifestly the petition did not show any negligence with respect to the plaintiff in the violation of this ordinance, since the collision occurred in the afternoon, and not at a time when the ordinance was being violated. The fact that the truck was allowed to remain during a portion

of the following day in the same place where it had been so ille-- gally parked during the nighttime would not constitute a continuing or a new violation of such ordinance, since it merely prohibited parking overnight, and had no reference to such daytime parking.

The second of these ordinances provided that no person or garage or sales place should be allowed to use the streets of the city for storing cars, either day or night. While the petition alleged in several places that the truck was "parked and stored," these terms are not interchangeable, but as ordinarily used have different and inconsistent meanings. The term "parking" as applied to automobiles is generally understood to mean the act of permitting such vehicles to remain standing on a public highway or street when not in use, but it also implies transience, while the term "storing" connotes a certain degree of permanency. 31 Words & Phrases, pp. 96-97; 1943 Cumulative Part, 23; 40 Words & Phrases, 226-227. Mere parking would not amount to storing; and this is true even though the vehicle may have been allowed to remain in the same place overnight and during a portion of the following day. Since the two words were used indiscriminately by the plaintiff and since the petition is to be construed most strongly against her, it must be taken as showing nothing more than parking, under the specific allegations. Nor would a different conclusion be authorized because of the allegation that the "said defendants had habitually, for several months prior to said collision, been parking and storing said bakery motor-truck in said place on Green Street carelessly and negligently in violation of said city ordinance of the City of Swainsboro, Georgia, as aforesaid." This averment, when construed by the same rule, does not show that the truck was left to remain continuously in the same place for "several months," but its evident meaning is that the defendants had repeatedly and from time to time, by separate acts, parked the truck in said place. Even this did not show storage. It follows that the petition did not state a cause of action so far as it was based on violation of these two ordinances.

■ We entertain a different view as to violation of the ordinance described as section 239 of the city code, and which prohibited the parking of any automobile or other vehicle on any paved street of the city at any place or in any other manner "than is

designated by painted diagrams thereon." The petition as properly construed on general demurrer shows that there were painted diagrams on paved streets, and that the bakery truck was not parked in one of such diagrams. It thus appears that there was a space on the west side of Green Street at or near the intersection of Church Street, where parking was prohibited, and that the truck was parked in this space in violation of such ordinance. The petition is further construed as showing that the ordinance, in so far as it prohibited the parking of motor vehicles in such space, was intended for the protection of travelers upon either street, and that such protection would include maintaining unobstructed view for motorists approaching the intersection, as the drivers of the two colliding automobiles were approaching it in this instance. Thus, according to the allegations, the plaintiff was within the protection of this ordinance, and its violation constituted negligence with respect to her. See *Sprayberry* v. *Snow*, 190 *Ga.* 723 (10 S. E. 2d, 179) ; *Bozeman* v. *Blue's Truck Line Inc.*, 62 *Ga. App.* 7 (7 S. E. 2d, 412) ; Milbury *v.* Turner Centre System, 274 Mass. 358 (174 N. E. 471, 73 A. L. R. 1070) ; Blessing *v.* Welding, 226 Iowa, 1178 (286 N. W. 436) ; Taber *v.* Bauer, 173 Wash. 96 (21 Pac. 2d, 1028) ; Hansen *v.* Houston Electric Co. (Tex.), 41 S. W. 2d, 77 ; Winskey *v.* De Mandel, 204 Cal. 107 (266 Pac. 534).

But it is contended by the defendants, that, even if the petition should be construed as showing negligence on their part with respect to the plaintiff, it appears from the allegations that the negligence of the "negro driver of the automobile which collided with said Dodge automobile in which the plaintiff was riding," and not the negligence of these defendants, was the sole proximate cause of the plaintiff's injuries. We can not assent to this view as a conclusion to be drawn from the pleadings as a matter of law, but think it a permissible conclusion that the negligence of the defendants was a contributing cause. The question is whether there was such a new and intervening cause as broke the connection between the negligence of the defendants and the final injury to the plaintiff. What is perhaps the leading case in Georgia on this subject is *Southern Railway Co.* v. *Webb*, 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109). It was held: "While the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause

of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." The petition here alleged sufficient facts to show that the negligent parking of the bakery truck obscured the view of the drivers of both the other vehicles, and that what is claimed by the defendants to be an intervening agency could and should have been reasonably anticipated or foreseen by them. While it is true that if the act of the original wrong-doer should "set in motion" other causal forces such as would naturally produce the injury, he may be held liable although his own negligence was not the immediate cause of the injury, this is only one theory of liability, because, even where there is no such setting in motion, the original wrong-doer may still be held liable, if the intervening agency could reasonably have been anticipated or foreseen by him. "The most generally accepted theory of causation is that of natural and probable consequences; and in order to hold the defendant liable, the evidence must show either that the act of the defendant complained of was the sole occasion of the injury, or that it put in operation other causal forces, such as were the direct, natural, and probable consequences of the original act, or that the intervening agency could have reasonably been anticipated or foreseen by the original wrong-doer." *Kleinberg* v. *Lyons,* 39 *Ga. App.* 774 (5) (148 S. E. 535). See *Mayor &c. of Macon* v. *Dykes,* 103 *Ga.* 847 (31 S. E. 443); *Gillespie* v. *Andrews,* 27 *Ga. App.* 509 (108 S. E. 906); *Powell* v. *Waters,* 55 *Ga. App.* 307 (190 S. E. 615); *Wright* v. *Southern Railway Co.,* 62 *Ga. App.* 316 (7 S. E. 2d, 793). Nor is it necessary in such case that all of the alleged tort-feasors should be sued; for it is the rule that where several concurrent causes operate to produce an injury, there may be a recovery against all or any one of the responsible parties. *Scearce* v. *Gainesville,* 33 *Ga. App.* 411 (3) (126 S. E. 883).

In order for a party to be liable as for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient, if in ordinary prudence

he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result. 21 Am. & Eng. Enc. Law (2d ed.), 487(b); *Henderson* v. *Nolting First Mortgage Corporation*, 184 *Ga.* 724, 737 (193 S. E. 347, 114 A. L. R. 1022); *Georgia Power Co.* v. *Kinard*, 47 *Ga. App.* 483 (3), 486 (170 S. E. 688).

The defendants further insist, however, that the petition shows upon its face that the negro driver, in approaching the intersection "at a very high rate of speed," was himself guilty of a criminal act, and that such violation of the law on his part was something that was not reasonably to be anticipated. See Code, §§ 68-301, 68-303 (i), 68-9908. But the defendants themselves were violating a municipal ordinance; and this being true, it was incumbent upon them to anticipate that others, like themselves, might disobey the traffic laws and regulations. *Central Railroad & Banking Co.* v. *Smith*, 78 *Ga.* 694 (4) (3 S. E. 397); *Davis* v. *Whitcomb*, 30 *Ga. App.* 497 (8) (118 S. E. 488).

Counsel rely on *Andrews* v. *Kinsel*, 114 *Ga.* 390 (2) (40 S. E. 300, 88 Am. St. R. 25), in which it was held in effect that where there has intervened between the defendant's negligence and the injury an independent illegal act of a third person producing the injury, and without which it would not have occurred, such independent criminal act should be treated as the proximate cause, insulating and excluding the negligence of the defendant. But even this rule would not apply if the defendant "had reasonable grounds for apprehending that [such criminal act] would be committeed." *Henderson* v. *Dade Coal Co.*, 100 *Ga.* 568 (28 S. E. 251, 40 L. R. A. 95); *Hulsey* v. *Hightower*, 44 *Ga. App.* 455 (4) (161 S. E. 664). See also *Bozeman* v. *Blue's Truck Line Inc.*, 62 *Ga. App.* 7, 11 (supra); 30 Am. Jur. 729, § 71; Restatement of the Law of Torts, 1196-1202, §§ 447, 448, 449.

We have already stated that the allegations in the instant case were sufficient to show that the defendants should have anticipated or foreseen that some such injury might occur as a result of their own negligence in illegally parking the bakery truck; and this conclusion will stand even though it may appear that the negro driver was violating a criminal statute as to speed at a street intersection on the occasion in question. The more especially is this true in view of the averments in paragraph 9 as to heavy traffic

and frequent high rates of speed at this intersection, which, it was alleged, were well known to the defendants, or should have been known to them. *Fulton Ice & Coal Co.* v. *Pece,* 29 *Ga. App.* 507 (2a) (116 S. E. 57).

It follows from what has been said that the petition stated a cause of action based on alleged negligence in violating the ordinance referred to as section 239 of the city code.

■ Moreover, ordinances and statutes imposing specific duties in reference to use of streets and highways are cumulative, and do not destroy the common-law rules as to diligence and negligence. *Giles* v. *Voiles,* 144 *Ga.* 853 (88 S. E. 207); *Davies* v. *West Lumber Co.,* 32 *Ga. App.* 460 (123 S. E. 757). Accordingly, the plaintiff may rely upon an act or omission as constituting negligence as a matter of fact under the circumstances, or upon the violation of a statute or ordinance as amounting to negligence per se or as a matter of law. Also the facts may be so pleaded as to show negligence of both classes in the same action. *Donaldson* v. *Great Atlantic & Pacific Tea Co.,* 186 *Ga.* 870 (199 S. E. 213, 128 A. L. R. 456); *Pollard* v. *Savage,* 55 *Ga. App.* 470 (190 S. E. 423); *Thompson* v. *Powell,* 60 *Ga. App.* 796 (5 S. E. 2d, 260). It is our opinion that the petition stated a cause of action based on common-law duty as well as on duty prescribed by municipal ordinance. *Hudgins* v. *Coca-Cola Bottling Co.,* 122 *Ga.* 695 (50 S. E. 974); *Dunbar* v. *Hines,* 152 *Ga.* 865 (2), 868 (111 S. E. 396); *Armour & Co.* v. *Miller,* 169 *Ga.* 201 (149 S. E. 698).

While we have thus dealt with the case on principle, we have done so within the purview of the assignments of error in the petition for certiorari, two of which complained that the ruling of the Court of Appeals as expressed in the headnote was an inaccurate and incomplete statement of the law, and did not include "the questions of apprehension, anticipation, and foreseeability on the part of the first event, or first wrong-doer." These assignments of error are sustained; and since these particular exceptions are controlling, it is unnecessary to deal specifically with the others, relating to kindred questions. We may say further that the decision of the Court of Appeals appears to have been predicated mainly on the rulings in *Cain* v. *Georgia Power Co.,* 53 *Ga. App.* 483 (186 S. E. 229), and *Pullen* v. *Georgia Stages Inc.,* 62 *Ga. App.* 592 (9 S. E. 2d, 104), but that we are unable to approve either of these precedents as related to proximate cause.

It would too greatly prolong this opinion to discuss all the authorities that have been cited by counsel. Those that we have mentioned cover the controlling principles; and we can not agree that the petition was subject to general demurrer as failing to state a cause of action. *Judgment reversed. All the Justices concur.*