32125. A. E. SPEER INCORPORATED *v.* McCORVEY.

Decided September 25, 1948.

*Jesse J. Gainey,* for plaintiff.

*P. C. Andrews,* for defendant.

Townsend, J. (After stating the foregoing facts.) The

general grounds of the motion for a new trial afford no reason for a reversal of the case, because the verdict is authorized by the evidence. It was not denied that the witness Baumgardner was authorized as agent of the plaintiff to sell and install the equipment in question. Three witnesses testified to the express warranty of the agent that he felt reasonably sure the burners would heat the building properly and that, if they did not do so, he would take back the merchandise and they would not have to pay for it. The defendant testified that she bought the burners in reliance on this warranty. There was ample evidence to the effect that the burners did not heat the building properly.

■ The evidence contended to be inadmissible by the three special grounds of the amended motion for a new trial is authorized by the answer. "It can not be at this time even a matter of slight doubt that a plaintiff is entitled to prove everything he alleges in a petition upon which he is permitted to go to trial without objection on the part of the defendant, either to its form or its substance." *Mayor &c. of Macon* v. *Melton,* 115 *Ga.* 153, 156 (41 S. E. 499) ; *Overstreet* v. *W. T. Rawleigh Co.,* 75 *Ga. App.* 483 (2) (13 S. E. 2d, 774). Therefore it necessarily follows that this case must be controlled by a decision as to whether the trial court properly overruled the motion of the plaintiff to strike the answer of the defendant.

An oral motion to strike performs the office of a general demurrer, and is ineffectual unless the pleading against which the motion is directed as a whole is fatally defective. *Meads* v. *Williams,* 55 *Ga. App.* 224 (189 S. E. 718). A motion to strike the answer will not lie where the answer is good in part. See *Braddy* v. *W. T. Rawleigh Co.,* 64 *Ga. App.* 682 (14 S. E. 2d, 130). In a suit on a note given for purchase-money of personalty, a plea of failure of consideration is subject only to special demurrer and can not be reached by a motion to dismiss. See *Gullett Gin Co.* v. *Seagraves,* 49 *Ga. App.* 850 (176 S. E. 922).

Whether or not a part of the answer might have been subject to special demurrer, if any part of it is good and constitutes a proper defense to the action, it is not subject to an oral motion to dismiss. The answer, unless its bad portions have been reached by special demurrer, must stand as a whole, and the evidence in support of any part of it is admissible because the defendant has the right to prove her pleadings as laid.

■ Evidence as to the parol express warranty in connection with the sale of the burners does not violate Code § 38-501 as altering or varying the terms of a written contract. A warranty, express or implied, is an incident to the sale of any chattel unless expressly waived, and enters into the consideration thereof. A plea of breach of warranty is the substantial equivalent of a plea of failure of consideration; and the defense is allowed upon the principle that the consideration of a note is always open to inquiry so far as the promise to pay depends upon its existence. Parol evidence is admissible, not for the purpose of showing that a promise different from the written one was made, but that it is different in legal effect as a consequence of the want, cessation, or shrinkage of the consideration. See *Pryor* v. *Ludden & Bates*, 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267); *Aultman v. Mason*, 83 *Ga.* 212 (9 S. E. 536). It was pointed out in *Kemp* v. *Byne*, 54 *Ga.* 527, that a negotiable instrument given for purchase-money does not purport to be the actual contract of sale, but is signed by and shows the obligation of the vendee only. The obligation of the vendor, of which the warranties assumed by him are a part, rests in parol, and parol evidence to prove the terms of such a contract are always admissible.

■ The plaintiff's objection to paragraphs 9 through 12 of the answer, on the ground that they attempt to plead a total failure of consideration and should have been stricken, because the answer affirmatively shows that the apparatus in question is of some value, is not sound. A plea of total failure of consideration includes partial failure of consideration. *Pitts Shoe Co.* v. *Stein*, 25 *Ga. App.* 162 (2) (103 S. E. 415). Nor is it sufficient ground for reversal of this case that the defendant, after assuming the burden of proof, did not, according to the plaintiff's contention, introduce proper evidence as to the percentage by which the value of the equipment had been reduced in order that the jury might arrive at the proper abatement of the purchase-price if they found that there was, in fact, a partial failure of consideration.

We feel that there was evidence sufficient to have enabled the jury to reach a proper verdict. The defendant and other witnesses testified as to the number of barns of tobacco cured, that it required an extra 18 to 24 hours to cure the tobacco in the center of the barn, that the temperature varied between 18 and

20 degrees, that it was necessary to heat the stoves red hot, which was deleterious to the tobacco cooking near the stoves, that the fire hazard so created made it necessary to have somebody watching the stoves at all times, and that the salvage value of the equipment was approximately $15. On the basis of this evidence, the jury returned a verdict under which the plaintiff was allowed to keep the $50 cash down-payment previously received, and the purchase-price was abated by $102.50, the amount of the note. It would, therefore, seem that the jury, in finding for the defendant, and taking into account all the evidence presented in the case, might properly have arrived at a decision abating the purchase-price of the equipment by approximately two-thirds. See Code, §§ 14-305, 96-306.

The judgments of the trial court, overruling the motion of the plaintiff to strike the answer, and overruling the motion for a new trial as amended, are without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*