TYSON *v.* SHOEMAKER.

No. 17403. ARGUED MARCH 13, 1951.—DECIDED APRIL 10, 1951—REHEARING DENIED MAY 16, 1951.

*Bell & Baker, Neely, Marshall & Greene, Edgar A. Neely Jr.,* and *Ferdinand Buckley,* for plaintiff in error.

*Cain & Smith,* contra.

HEAD, Justice. The Court of Appeals in its opinion in *Tyson* v. *Shoemaker,* 83 *Ga. App.* 33 (62 S. E. 2d, 586), at page 49, stated: "Counsel also contend that the stop sign, even if un-official, was sufficient to bring into operation the rules of the common law and require that the plaintiff, in the exercise of ordinary care, should heed the sign and come to a complete stop. We can not subscribe to this view." On page 51 it is stated: "The jury was authorized to find that the failure of

the truck driver to yield the right of way under the circumstances shown was the proximate cause of the plaintiff's injury and damage. Such failure constituted negligence per se under the law, and no jury question is presented as to whether or not under the rules of the common law the stop sign, even if unofficial, required the plaintiff to stop at the intersection."

These extracts from the opinion of the Court of Appeals might be construed as indicating that negligence per se has a superior legal weight to negligence as determined by a jury. Such a distinction does not exist as a matter of law. In *Central of Ga. Ry. Co.* v. *Larsen,* 19 *Ga. App.* 413, 419 (91 S. E. 517), Judge Jenkins (later Chief Justice of the Supreme Court), speaking for the court, said: "But we know of no distinction recognized by law whereby the plaintiff's right to recover is affected in a greater or less degree according to whether negligence on his part follows as a matter of law from a fact proved, or whether the question of negligence as well as the fact itself is a matter to be determined by a jury. The difference between negligence per se and other negligence is in the mode of establishing negligence. In the one case the law itself establishes negligence when a certain act or omission is proved, while ordinarily the question whether a proved fact constitutes negligence is left to the determination of a jury. Whether negligence be established in the one mode or in the other makes no difference in its legal effect when established." See also 65 C. J. S., pp. 322, 323, § 1(e); *Platt* v. *Southern Photo Material Co.,* 4 *Ga. App.* 159, 163, 164 (60 S. E. 1068); *Lee* v. *Georgia Power Co.,* 44 *Ga. App.* 435 (161 S. E. 851).

"An act or omission may amount to negligence under the particular facts and circumstances, although there is no statute so declaring." *W. & A. Railroad* v. *Reed,* 35 *Ga. App.* 538, 540 (134 S. E. 134); *Pollard* v. *Savage,* 55 *Ga. App.* 470, 475 (190 S. E. 423). "That an act can not be declared to be negligent per se, or as matter of law, does not necessarily prevent it from being negligent as matter of fact." *Brown* v. *Smith-Hall Grocery Co.,* 141 *Ga.* 721, 724 (82 S. E. 23).

The defendant sought to allege and prove the existence of a stop sign at the intersection of highway 38, and that it was put there in 1934 by the Street Superintendent of the City of Cairo

on orders of the Chairman of the Street Committee of the Mayor and Council. Such allegations and proof, if made, would not establish the sign as one having been duly authorized by law, and the failure of the plaintiff to heed the sign would not constitute negligence per se. However, it was a question of fact for the determination of the jury whether the plaintiff exercised ordinary care for his own safety and the safety of others in failing to observe and obey the unofficial stop sign.

"What constitutes negligence on the part of a defendant, what constitutes the proximate cause of an injury, and what amounts to a failure to exercise ordinary care on the part of a plaintiff, are generally questions for the jury." *Farrar* v. *Farrar*, 41 *Ga. App.* 120, 121 (152 S. E. 278); *Seaboard Air-Line Ry. Co.* v. *Benton*, 43 *Ga. App.* 495, 497 (159 S. E. 717).

The fact that the defendant's agent, at the time and place of the plaintiff's injuries, was guilty of negligence per se would not preclude a finding by the jury that the plaintiff failed to exercise the ordinary care required of him by the common law.

This court in *Williams* v. *Grier*, 196 *Ga.* 327, 339 (26 S. E. 2d, 698), held as follows: "Moreover, ordinances and statutes imposing specific duties in reference to use of streets and highways are cumulative, and do not destroy the common-law rules as to diligence and negligence. *Giles* v. *Voiles*, 144 *Ga.* 853 (88 S. E. 207); *Davies* v. *West Lumber Co.*, 32 *Ga. App.* 460 (123 S. E. 757). Accordingly, the plaintiff may rely upon an act or omission as constituting negligence as a matter of fact under the circumstances, or upon the violation of a statute or ordinance as amounting to negligence per se or as a matter of law. Also the facts may be so pleaded as to show negligence of both classes in the same action."

The existence of a stop sign, though unofficial, and the failure of the plaintiff to heed the sign, were relevant matters in a consideration of the diligence and negligence of the parties under the circumstances in this case, and such matters should have been submitted to the jury. The trial court erred in striking the defendant's amendments, and in excluding the testimony in support thereof. It follows that the judgment of the Court of Appeals must be

*Reversed. All the Justices concur, except Wyatt, J., who dissents.*

ON MOTION FOR REHEARING.

This court, in the opinion previously rendered, held that the existence of a stop sign, though unofficial, and the failure of the plaintiff to heed the sign, were relevant matters in a consideration of the diligence and negligence of the parties, and that the trial court erred in striking the defendant's amendments pleading the unofficial stop sign.

Counsel for the plaintiff in their motion for rehearing argue that the effect of the court's ruling is to hold "that an unofficial stop sign may be shown to have been placed for the purpose of changing the rules of the road and giving priority to traffic on a certain road and that such stop sign had been so recognized in most instances by the public, and thus charge the plaintiff with negligence in failing to abide by said custom . . ." This conclusion by counsel is wholly unauthorized by any language employed by this court in the opinion, and whether or not such contention might find support in certain language of the amendments need not be determined. Counsel are now treating the amendments as though they were demurred to specially, but this position finds no support in the record. The amendments were stricken on an oral motion to strike, upon the grounds that they failed "to set out any valid defense," and failed to set out any "fact legally material or germane to the defendant's answer or defense."

An oral motion to strike in the nature of a general demurrer may be made at any time before verdict. *Kelley* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280). The question on an oral motion to strike is not whether some particular allegation may have been defectively pleaded, or whether some allegation might be subject to special demurrer, but whether the pleading is insufficient in its entirety. *Minnesota Lumber Co.* v. *Hobbs,* 122 *Ga.* 20, 21 (49 S. E. 783); *Haynes* v. *Thrift Credit Union,* 192 *Ga.* 229 (2) (14 S. E. 8d, 871); *Fuller* v. *Fuller,* 197 *Ga.* 719, 723 (30 S. E. 2d, 600); *Kanes* v. *Koutras,* 203 *Ga.* 570, 573 (47 S. E. 2d, 558); *Meads* v. *Williams,* 55 *Ga. App.* 224 (189 S. E. 718); *Roadway Express Inc.* v. *McBroom,* 61 *Ga. App.* 223, 227 (6 S. E. 2d, 460); *Braddy* v. *W. T. Rawleigh Co.,* 64 *Ga. App.* 682, 683 (14 S. E. 2d, 130); *A. E. Speer Inc.* v. *McCorvey,* 77 *Ga. App.* 715 (2) (49 S. E. 2d, 677).

■

In the present case the plaintiff elected to stand on a motion to strike in the nature of a general demurrer, and since the amendments contained matter that was not subject to a general demurrer, the court erred in striking the amendments. This court was not required to go further and examine the amendments to determine whether or not some allegation or statement might be subject to special demurrer.

*The motion for rehearing is denied.*